GEORGE W. McINTYRE, Respondent, *v.* LUTHER H. BUELL et al., Appellants.

To constitute a cause of action for fraudulent representations on the part of the vendor on sale of property, it is necessary to show not only a false statement or representation as to the property but that such representations were made with intent to deceive, and that the accomplishment of this intent was the result of the vendee's reliance upon the representations.

Where in an action to recover the purchase-price as agreed to be paid under a contract for the sale of property, defendant sets up as a counter-claim a cause of action for fraud on the part of the vendor in the sale, as defendant does not proceed in disaffirmance of the contract, it remains effectual, subject only to such damages as defendant may have sustained from the fraud alleged; in such case, therefore, restoration by the defendant of anything received under the contract is not essential.

Plaintiff, who owned what was termed "a locator's mining claim" in government lands, contracted to convey the same to a company to be formed to develop the "lode," defendants, as part of the consideration, agreeing to pay a sum named. The claim was conveyed as agreed. In an action to recover a portion unpaid of the purchase-money, defendants set up as a counter-claim that plaintiff, to induce them to enter into the agreement, falsely and fraudulently repre-

sented that he was seized of the whole lode, when he had, in fact, previously conveyed his right to one-third of the surface ground of the lode to a niece, whereby they sustained damage. Plaintiff denied making any false representations, and testified that he informed defendants that he had given to his niece one-third of the surface. A deed to the niece was given in evidence. The court charged that it conveyed the right to the surface only, and did not impair plaintiff's right to the materials beneath. To this defendants excepted. The jury found for plaintiff on the issue of fraud. *Held*, that whether the deed conveyed one-third of the whole claim or a right only to one-third of the surface, if plaintiff represented that he owned the whole, the falsity of the representation was established; but that the jury having found with plaintiff on this issue, the construction of the deed was immaterial, so far as the counter-claim was concerned, and so, if erroneous, was not ground for reversal; that had the jury been instructed that the deed conveyed one-third of the mine instead of one-third of the surface only, this, conceding it to be correct, would not alone have warranted a finding of fraud, as while it would show a mistake on the part of plaintiff as to the construction, it would not establish any fraudulent intent.

*It seems* that if defendants had sought in their counter-claim simply an abatement from the purchase-price, growing out of the failure of plaintiff to perform his contract, or if a rescission had been sought on the ground of mutual mistake, the charge, if erroneous, would have been material.

(Argued February 3, 1892; decided March 15, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of June, 1890, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

On July 21, 1881, the parties to this action entered into the following agreement:

"For the purpose of forming a syndicate to purchase the 'John' and 'Forrest' lodes located in San Juan county, state of Colorado, and ultimately form a company to develope the same, we, George W. McIntyre and Luther H. Buell and Charles D. Safford, do hereby jointly and severally covenant and agree.

"George W. McIntyre agrees to put in the 'John' lode for $8,000 to be paid for in cash $4,000 and syndicate shares or stock $4,000 on a basis of fifty shares at $500 each making

$25,000 for the proposed purchases of the 'John' and 'Forrest' lodes (being 8⅓ shares).

"Messrs. Buell and Safford also agree to pay for the 'Forrest' lode themselves, also all commissions and are to have the remaining shares of the above-named fifty as their portion of the transaction. George W. McIntyre is to leave a deed of the 'John' lode with Messrs. Buell and Safford to be used only when the above arrangement is consummated and only in case the original Cameron scheme should fail to carry out its contemplated plans, otherwise said deed is to be duly returned to said McIntyre."

Five days prior to the date of this agreement, McIntyre had conveyed the "John" lode to Safford as trustee.

Thereafter the Cameron scheme having failed, Safford conveyed the property to "The Cameron Gold and Silver Mining Company" of San Juan, Colorado, and plaintiff thereupon received the stock to which, under the foregoing agreement, he was entitled, and was paid $1,900 in money. This action was brought to recover the balance of the sum of $4,000 stipulated to be paid to him.

The defendants alleged as a defense and counter-claim, that the plaintiff with intent to influence defendants to enter into said agreement and to deceive and injure them, falsely and fraudulently represented that the said John lode was fifteen hundred feet long and three hundred feet in width and that he was seized of the whole thereof, and that relying upon such representations, defendants entered into said agreement and made the payments aforesaid, but that after so doing they ascertained that on October 9, 1879, plaintiff had conveyed to Hannah B. McIntyre the south one hundred feet of the surface ground of the said lode its entire length, and that by reason thereof they had sustained damage which they sought to counter-claim against plaintiff's demand.

Further facts are stated in the opinion.

*John J. Linson* for appellants. The learned judge at the Circuit erred in his construction of the deed from plaintiff to

Hannah B. McIntyré, and in his instructions to the jury as to its effect upon defendants' rights. (U. S. R. S. chap. 6, § 32; *M. Co.* v. *Tarbet*, 98 U. S. 463; *M. D. M. Co.* v. *Callison*, 5 Sawy. 439; *Chapman* v. *Toy Long*, 4 id. 28; *I. S. M. Co.* v. *E. M. & S. Co.*, 118 N. Y. 196; *A. Co.* v. *T. Co.*, 122 U. S. 478; *I. S. M. Co.* v. *Cheesman*, 116 id. 529; *Davis* v. *Weibbold*, 139 id. 507; *Deffeback* v. *Hawke*, 115 id. 392.) The defense and counter-claim are based on fraud. Plaintiff never did and never could, at least since 1879, have furnished the mining property which he claimed to have; his title was comparatively worthless; the instructions to the jury were wholly misleading, and gross injustice has been done. (*Whitney* v. *Allaire*, 1 N. Y. 305; *Clark* v. *Baird*, 9 id. 183; *Wardell* v. *Fosdick*, 13 Johns. 325; *Morrell* v. *Colden*, Id. 396; *Paine* v. *Upton*, 87 N. Y. 327; *Hammond* v. *Pennock*, 61 id. 145; *C. F. Co.* v. *Moffatt*, 147 Mass. 403; *Alvarez* v. *Brannan*, 7 Cal. 503; *Bryant* v. *Boothe*, 30 Ala. 311; *Parham* v. *Randolph*, 4 How. [Miss.] 435; *Ingram* v. *Morgan*, 4 Hum. 66; *Ballou* v. *Lucas*, 59 Ia. 22; *Thompson* v. *Sanders*, 118 N. Y. 252; *Van Epp* v. *Harrison*, 5 Hill, 63; *Vail* v. *Reynolds*, 118 N. Y. 297; *Gould* v. *C. Bank*, 99 id. 333.)

*Adelbert Moot* for respondent. There is nothing here on which fraud may be predicated. (*S. D. Co.* v. *Silva*, 8 Sup. Ct. Rep. 881.) Where a party seeks to recover damages for fraud, he must rescind the contract and restore, or offer to restore, to the other party what he has obtained. (*Lindsley* v. *Ferguson*, 49 N. Y. 623; *Gould* v. *C. Bank*, 86 id. 75.) There is no fraud, because the deed to Hannah McIntyre on which the whole defense hinges, expressly states that it is only intended thereby to convey the surface ground. (Sedg. on Tit. §§ 105, 106, 115; *W. Co.* v. *Lebanon*, 4 Col. 114; *Eighmie* v. *Taylor*, 98 N. Y. 288.)

Brown, J. The asserted counter-claim was a cause of action founded upon alleged fraud. In making this claim, the

defendants did not proceed in disaffirmance of their contract with the plaintiff, and that agreement remains effectual, subject only to such damages as they may have sustained from the fraud which they charge upon the plaintiff. For the purposes of this action, therefore, no restoration of anything received under the agreement was essential. (*Gould* v. *Cayuga County Bank*, 99 N. Y. 333; *Thomson* v. *Sanders*, 118 id. 252; *Vail* v. *Reynolds*, Id. 297.)

It was a fact well known to the defendants that the plaintiff had no title to the "John" lode. What he had and claimed to have was a locator's mining claim, and whether that would receive recognition from the government, and a title to the land he conveyed by it to the holder, was a matter of which defendants were to take the risk.

The defendants' contention was that plaintiff represented that he possessed a claim to the whole lode, fifteen hundred feet long and three hundred feet wide, whereas he had conveyed his right to one-third of it to his niece, Hannah McIntyre. The plaintiff denied making any false representation to the defendants as to the size or extent of the claim, and testified that he repeatedly told them that he had given to his niece the right to the surface of the south one hundred feet thereof. He testified that he had no recollection of the deed, but he did not deny its execution.

We must assume from the verdict of the jury that they adopted plaintiff's version of the transaction.

The deed to Hannah McIntyre was produced on the trial and the court charged the jury that it conveyed the right to the surface of the land only and did not impair the plaintiff's right to his claim to the minerals beneath the surface, and the exception to the construction thus given to the deed is the only question necessary to be considered upon this appeal.

The construction and effect of the deed to Hannah McIntyre is not a question of importance to the cause of action constituting defendants' counter-claim. The representations there alleged to have been the inducement of the contract, would have been shown to have been false whether the deed con-

veyed one-third of the whole claim or a right only to one-third
of the surface. The latter construction was the one claimed
by the plaintiff, and his testimony was to the effect that he
had informed defendants that he had conveyed away such a
right.

In considering the exception, therefore, it is evident that it
has no effect upon the case made by the defendants' testimony.
The jury have rejected their version of the transaction and
adopted the plaintiff's, and the effect of the appellants' argu-
ment is to ask us to hold that, adopting the plaintiff's evidence
as to the facts, the jury would have been warranted in finding
fraud had they been instructed that the deed conveyed one-
third of the mine instead of one-third only of the surface.

Had the defendants sought in their counter-claim an abate-
ment from the purchase-price growing out of the failure of
the plaintiff to perform his contract, or if a rescission was
sought on the ground of mutual mistake, the erroneous ruling
of the court would have a most material bearing on this appeal.
But the counter-claim constituted a cause of action for fraud
and deceit, and it was incumbent upon the defendants to prove
not only a false statement or representation as to the property
agreed to be conveyed, but that such representations were
made with intent to deceive and that such was the result of
defendants' reliance upon them. And we must find the evi-
dence of such fraudulent intent in the record before us. The
defendants have had their day in court and were bound to
prove their whole case, and if it is claimed that there was an
erroneous ruling upon the construction of the deed, it must
appear that, upon the evidence before us, the jury would have
been justified in finding a different verdict than that rendered
had the court instructed them upon the legal effect of the deed,
in accordance with defendants' request.

As I have already stated, the construction of the deed had
no bearing upon the truth or falsity of defendants' evidence,
and the question now presented is, would it have permitted
the jury, upon plaintiff's own testimony, to have found a fraud-
ulent intent?

Very obviously it would not. Treating it as we must in the light of the fact now determined, that the only representation was that plaintiff had conveyed to his niece one-third of the surface of the ground only a ruling by the court that the deed conveyed one-third of the mine, would have shown that the plaintiff's statement was untrue. Beyond that it would have had no effect on the case. It would not have shown that it was fraudulent. That fact remained to be proven by independent evidence, and I find none in the case that would justify such a conclusion.

The deed is not free from ambiguity. The rulings of the trial court and the General Term show that the plaintiff's construction has support in the language of the instrument. Of course, if he so believed and honestly stated his belief, there would be no basis for a finding that he intended deceit.

There is no evidence in the case as to the claim made by the grantee under the deed. She did not appear to be in possession, nor was it shown that she had ever asserted any rights in the property antagonistic to or inconsistent with the plaintiff's representations. It did appear that the corporation to which the property was conveyed by defendants, failed to get a title from the government for the one-third described in the deed and we may assume that that was because of the existence of the deed, but it nowhere appears that it was because of any claim made by Hannah McIntyre.

For aught that appears in the evidence, Hannah McIntyre may have claimed no greater right in the property than the plaintiff said he had conveyed to her, and if such was the fact, there was, of course, no false representation and no deceit.

Innocence, therefore, is entirely consistent with the case made by the evidence, and under such circumstances, guilt cannot be found. Fraud must be proven and cannot be presumed, and we think that the evidence before us would not support any other conclusion than that plaintiff was entirely honest when he asserted that the rights that he had conveyed to his niece were in the surface of the ground only. We think it unnecessary to determine the proper construction of the

deed, and that assuming for the purposes of this appeal that the trial court's construction was not the correct one, the error was not one which permits a reversal of the judgment.

The judgment should be affirmed.

All concur, except PARKER, J., not voting.

Judgment affirmed.