MARTHA R. A. PIERSON v. WILLIAM R. CONLEY.

[See *ante*, 617.]

| 95 | 619 |
|---|---|
| 106 | 314 |
| 95 | 619 |
| 108 | 374 |
| 95 | 619 |
| 114 | 651 |
| 95 | 619 |
| 121 | 461 |
| 95 | 619 |
| s55NW | 387 |
| f132 | 415 |

*Partition—Tenants in common—Res judicata—Adverse possessio*[?]
*—Improvements—Parol trust.*

1. In a partition suit it is immaterial whether the tenants in common are parties complainant or defendant; and when their rights have been determined by the decree they are *res judicata*, and can only be reviewed upon appeal.

2. The payment of taxes and making of improvements by one tenant in common, while in the joint possession of the land with a co-tenant, who holds the record title, are no evidence of adverse possession or of an adverse claim, or of the actual ouster required by How. Stat. § 7812, and which is necessary to set the statute of limitations in operation; citing *Campau v. Campau*, 44 Mich. 31; *Fenton v. Miller*, 94 Id. 204.

3. The wisdom of How. Stat. § 6179, voiding a secret trust resting entirely in parol, cannot be better exemplified than by the present case, where one is seeking to set aside the muniments of title after the expiration of more than 20 years, and after the death of all the other parties to the transaction, by parol statement, in contravention of his own solemn deed.

4. The defense that one tenant in common is entitled to the value of improvements made by him should be made when a suit is brought to partition the land, when, if it is available, each owner can be decreed to pay his or her proportionate share.

Appeal from Tuscola. (Beach, J.) Argued April 27, 1893. Decided June 1, 1893.

Bill for partition. Defendant appeals. Decree affirmed, and case remanded, with directions to proceed to a partition of the land under the terms of the decree. The facts are stated in the opinion, and in *Bemis v. Conley, ante*, 617.

*T. C. Quinn* and *F. S. Wheat*, for complainant.

*Huston & Spears*, for defendant.

GRANT, J.   Complainant has title by conveyance and by inheritance to 34-35 of the S. W. ¼ of the S. E. ¼ of section 36, township 13 N., range 8 E., and defendant is the owner of the remaining 1-35.   In like manner the complainant also is the owner in fee-simple of 1-7 of the W. 1-8 of the S. E. ¼ of the S. E. ¼ of the same section, and also has a life-estate in 34-35 thereof, and the defendant is the owner of the remaining 1-35.   Complainant, being in possession, filed her bill in equity for partition, and for an order restraining defendant from interfering with her possession of the property.

In 1867 the premises here in controversy, together with other lands, were conveyed to defendant and Jane and John Conley, who thereby became tenants in common. Jane was the mother of William and John.   They all lived upon the premises until the deaths of Jane and John. Jane died intestate May 8, 1868, without having made any conveyance of her interest in the land.   She left five children,—Margaret, William R., the defendant, John, David, and Martha, the complainant.   November 5, 1868, David died, intestate and unmarried.   January 21, 1869, John died, leaving a widow and four children.   The widow afterwards married, and is now Anna Bemis.   Neither John nor David had made any conveyance of his interest in the land.   September 15, 1868, the defendant and his wife conveyed their entire interest in the land to his sister Margaret for the recited consideration of $1,000.   On the same day Margaret conveyed to defendant by deed, for the like recited consideration, certain lands situated in Caro, not far distant from the other lands.   June 13, 1884, Margaret deeded to the three children of complainant certain of the land now in controversy, subject to a life-estate in complainant.   April 26, 1890, Margaret executed a deed of the 40-acre tract now involved to complainant.   After the conveyance by defendant to Margaret, she continued

to occupy the property jointly with him until her death, sometimes living in his family, and at other times occupying a house by herself, with the exception that for a short time he lived upon the land deeded to him by Margaret, and until he sold the same for $1,050. Martha has lived upon the property since 1884.

Mrs. Bemis, by ejectment and partition suits, established and secured her dower interest. These proceedings are stated in *Bemis v. Conley, ante,* 617. It was decreed in the partition suit that Margaret was entitled to an 87-180 part of the land, defendant, William R., to 28-180, 25-180 of which was subject to the dower of Mrs. Bemis, and that Martha Pierson was entitled to 15-180, and Ida Heiser and Albert Conley were each entitled to 25-180. Certain of these interests were also decreed to be subject to the dower of Mrs. Bemis. The land which was the subject of controversy in the suit was the S. E. $\frac{1}{4}$, and the N. E. $\frac{1}{4}$ of the S. W. $\frac{1}{4}$, of section 36.

The defendant in his answer admits all the above conveyances, but insists that he paid the entire purchase price of the lands which were conveyed to him and his mother and brother; that the deed by him to Margaret was made without consideration, and upon the agreement to reconvey the land to him at any time when he should demand it; that he was induced to make the deed to her by her solicitation, and the advice of others upon whom he relied; that at the time of such conveyance he was under arrest on charge of having robbed the safe of the county treasurer, on which charge he was subsequently acquitted; that Margaret alleged there was a conspiracy to get his farm from him, and that she was afraid an attempt would be made to seize his farm for the money the county had lost; that, being frightened and bewildered in mind, and relying upon the promise of his sister to reconvey the property, he deeded it to her; that he has paid the taxes, made valuable improve-

ments, and has had exclusive and adverse possession for more than 20 years; that complainant knew all these things, and that she is therefore estopped from setting up any claim in the property. He also asserts that the partition proceedings brought by Mrs. Bemis are void because his wife was not made a party to the ejectment suit upon which those proceedings were based.

Proofs were taken in open court, and decree rendered for the complainant.

1. We have already disposed of the claim that the partition proceedings are void, in *Bemis v. Conley, ante,* 617. After the dower right of Mrs. Bemis had been established by her ejectment suit, she filed her bill in equity to secure the benefit of that right. All persons interested in the land were necessarily parties to that suit. The defendant was there made a party, as were all the other persons interested. He has therefore had his day in court. Whatever defense he had should there have been made. If he claimed title by adverse possession, he should there have set it up, and had the claim adjudicated. Margaret might have joined as complainant in the partition proceedings. In a partition suit it is immaterial whether the tenants in common are parties complainant or defendant. When their rights have been determined by the decree they are *res judicata,* and can only be reviewed upon appeal. It was there determined that Margaret was the owner of the interest which she conveyed to this complainant. The pleadings and proofs in that suit are not before us, and we are not, therefore, informed whether this defense was there made; but in this collateral attack we must assume that it was.

2. The defendant has failed to make out a title by adverse possession. He was a tenant in common with other owners of the land. He had no adverse possession as against Margaret, because she was in joint occupancy and posses-

sion with him, and with the record title as against him.
There was nothing in his occupancy to show any open,
notorious, and hostile possession. While his mother and
his brothers, John and David, were living, he claimed
neither title, interest, nor possession hostile to their inter-
ests. By their deaths he and Margaret became the owners
of the greater part of the land. Their possession con-
tinued the same as before. Paying taxes and making
improvements, under these circumstances, are no evidence
of adverse possession or adverse claims, or of an actual
ouster required by How. Stat. § 7812, and which is nec-
essary to set in operation the statute of limitations. *Cam-
pau v. Campau*, 44 Mich. 31; *Fenton v. Miller*, 94 Id. 204.

3. Whatever view may be taken of the proofs in the case,
the defendant stands in the position of attempting to
enforce a secret trust resting entirely in parol, which is
void under the statute. How. Stat. § 6179. No parol
trust is claimed as against John or his mother, the two
original co-tenants with him. As to them he insists that
he paid the entire consideration, and that therefore, in
equity, the land belongs to him. Title to land cannot
be divested in this manner. If he paid for his co-tenants,
he had a claim against them which could have been
enforced either against them or their estates. It is mani-
fest from his own testimony and that of his wife that the
deed to Margaret was executed for the purpose of placing
the land beyond the reach of his creditors. He made no
effort to have the land redeeded to him until about two
years before the death of Margaret, and when it was
apparent that she could not live long. Margaret's verbal
statements, therefore, if she made any, that the land was
his, and that she had no claim to it, are of no conse-
quence. If the legal title could be diverted by such asser-
tions, the statute would be of no force or effect. Defend-
ant had no right which he could have enforced against

Margaret in her life-time, or against her heirs and grantees after her death. The wisdom of the statute cannot be better exemplified than by the present case, where one is seeking to set aside the muniments of title after the expiration of more than 20 years, and after the death of all the other parties to the transactions, by parol statement, in contravention of his own solemn deed. But it is difficult to reconcile the testimony of defendant and his wife with the deed from Margaret to him on the same day as the deed by him to her. It is a fair conclusion that there was a *bona fide* exchange of properties.

4. Defendant claims that he is entitled to the value of improvements made by him. This defense should have been made in the first partition suit, when, if it was available, each owner could have been decreed to pay his or her proportionate share. There is no evidence in this record to show that this claim was not then made and adjusted. But, aside from this, defendant has had the benefit of the use of the land for about 25 years, which would certainly offset all the improvements he himself has made. It is time that the litigation between these parties was at an end, if any of them are to receive any benefit from the land during their lives.

The decree is affirmed, with costs, and the case remanded, with directions to the court below to proceed to a partition of the land under the terms of the decree.

HOOKER, C. J., McGRATH and LONG, JJ., concurred. MONTGOMERY, J., did not sit.