114   649
f139  143

POPPE *v.* POPPE.

1. FRAUDULENT CONVEYANCES—RECONVEYANCE—EQUITY.
   Where one conveys away his property for the purpose of avoiding anticipated claims against him, he is not in position to invoke the aid of a court of equity to obtain a reconveyance.

2. STATUTE OF FRAUDS—PAROL PROMISE TO RECONVEY LAND.
   A parol promise by a grantee of land to reconvey the same is void under the statute of frauds.

3. SAME—ANSWER IN EQUITY—ADMISSION OF TRUST—FRAUD.
   That the grantee, in his answer to a bill to compel a reconveyance, admits a parol promise to reconvey, will not avail the complainant, where the conveyance was made for the avowed purpose of placing the property beyond the reach of prospective creditors.

Appeal from Muskegon; Russell, J. Submitted October 13, 1897. Decided October 25, 1897.

Bill by Lawrence Poppe against Anna Poppe and Catherina Grevy to set aside certain deeds. From a decree dismissing the bill, complainant appeals. Affirmed.

The purpose of this suit is to set aside two deeds, one made by complainant to defendant Grevy, and the other made by Mrs. Grevy to defendant Anna Poppe, the wife of complainant. Complainant alleges that he was threatened with an action for damages, which arose from a conspiracy to injure and defraud him, and that, in consequence of the threatened action, he was in danger of incurring heavy expenses, in the way of attorney fees, costs, and litigation, and in danger of a judgment against him. He had made criminal complaint against one Wooten for stabbing him. Wooten was convicted. His attorneys had made a motion for a new trial. While this motion was pending, complainant claims that he was

entrapped to the house of Mrs. Wooten, and while there was, for the purpose of blackmail, threatened with a criminal prosecution on account of his relations with Mrs. Wooten. The testimony establishes the facts that Mrs. Wooten sent her daughter, one evening, to ask complainant to come to her house; that, while there, one of Wooten's attorneys and a deputy sheriff, who were secreted in the house, suddenly appeared upon the scene and made charges against him; that he went with the attorney to his office; and that there threats were made for the purpose of extorting money from him. He then went home, informed his wife what had happened, and secretly left the place, being absent several days. During his absence, and by his advice, Mrs. Poppe had settled with Wooten's attorneys, and paid them $210 to hush the matter up, and under a promise that they would abandon the motion for a new trial for Wooten. Complainant, on his return home, executed a deed to Mrs. Grevy, who was used as a mere conduit for conveying the title to his wife, on her promise, as he claims, to reconvey to him when the trouble had blown over. Wooten's attorneys, however, pressed the motion for a new trial, which was granted, the new trial had, and Wooten again convicted and sentenced to prison. The deeds were executed January 13, 1893. Subsequently he demanded a reconveyance from his wife, which she refused, and on August 4, 1896, he filed this bill. Issue was duly joined, proofs taken in open court, and the bill dismissed.

*Jones & Kennedy*, for complainant.

*Macdonald & Marr*, for defendants.

GRANT, J. (*after stating the facts*).  1. Mrs. Poppe was not a party to the alleged conspiracy, and knew only what her husband told her about it. She was guilty of no false or fraudulent representations. The conveyance was his own voluntary act. Her promise to reconvey, if made, rested in parol, and was void, under the statute of frauds.

The case of *Pierson* v. *Conley*, 95 Mich. 619, is similar in its facts, and rules this case against the complainant. When one conveys his property to another for the purpose of avoiding anticipated claims against him, he is not in position to invoke the aid of a court of equity to obtain a reconveyance. He does not come into court with clean hands, and equity leaves him to lie in the bed of his own making.

2. It is, however, insisted that defendant Poppe, in her answer, admitted that she promised to reconvey, and that this takes the case out of the statute. It is true that an answer in chancery admitting the trust is a sufficient compliance with the statute. *Patton* v. *Chamberlain*, 44 Mich. 5, and cases there cited. But this rule applies to cases not tainted with fraud, and where the conveyance is made for an honest and legitimate purpose. That case is a good illustration. C.'s wife had conveyed to him land on an oral promise to hold it for their infant daughter. C. became embarrassed, and exchanged this land for other land; the latter being conveyed to J. on an oral promise to hold it for the daughter. In a suit by C.'s creditors against J., she answered, avowing the trust. This was held to answer the requirements of the statute. A similar case is *McVay* v. *McVay*, 43 N. J. Eq. 47. But no case is cited holding that equity will assist one who has voluntarily conveyed his property for the avowed purpose of placing it beyond the reach of creditors, either present or prospective. It is therefore unnecessary to determine whether the answer admits a contemporaneous promise which would satisfy the statute, and bind the conscience of the court in a clean and honest transaction.

The decree is affirmed, with costs.

The other Justices concurred.