### LARY v. PETTIT et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

FRAUDULENT CONVEYANCES—SETTING ASIDE—FRAUD OF GRANTEE.

A conveyance of realty as in fraud of creditors cannot be set aside without any evidence of fraud of the grantee.

Kellogg, J., dissenting.

Appeal from special term, Niagara county.

Action by Herman S. Lary against Isaac H. Pettit and another to set aside a conveyance. From a judgment in favor of plaintiff, defendants appeal. Reversed.

The plaintiff obtained a judgment against Isaac Pettit on the 22d day of January, 1899, which is the basis of this action. The deed which, by the judgment, has been set aside, is claimed by the defendants to have been executed on the 12th day of August, 1895, delivered on the 10th of June, 1896, and recorded on the 4th of December, 1897. It has been found at special term that at the time of the contracting of the debt upon which plaintiff has recovered Isaac Pettit was the owner of this property; that thereafter, upon the 4th of December, 1897, with intent to defraud the plaintiff, he transferred the property to his daughter, Myrtle Pettit; that the deed was never delivered; and that defendant has no other property. One Robert J. Boyd had theretofore recovered a judgment against Isaac Pettit, and brought an action to set

aside this deed, in which he was successful.   Upon his common-law judgment the defendant Isaac Pettit was sworn in supplementary proceedings.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

P. M. Sullivan, for appellants.

Herman S. Lary, for respondent.

SMITH, J.   Upon the trial of this action the plaintiff proved his common-law judgment and certain declarations of Isaac Pettit. He afterwards introduced in evidence a deposition of Isaac Pettit in supplementary proceedings upon the Boyd judgment.   After testifying to the value of the property, he rested.   Up to this point plaintiff clearly had not made out a cause of action against the defendant Myrtle Pettit.   The declarations of Isaac Pettit, including his deposition in supplementary proceedings, were admissible only against himself, and were so limited by the court.   No fraud, therefore, was proven as against the defendant Myrtle Pettit sufficient to authorize this judgment.   Thereafter the defendants were both sworn on their own behalf.   But a careful reading of their evidence fails to disclose as against Myrtle Pettit a case of fraud.   In truth, the only evidence in the case, whether producd upon the part of the plaintiff or the defendant, from which an inference of fraud can be drawn, consists in declarations of Isaac Pettit which are not competent as evidence of fraud against Myrtle Pettit.   The judgment should, therefore, be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event.   All concur, except KELLOGG, J., who dissents.