POWELL v. F. C. LINDE CO. (two cases).

(Supreme Court, Appellate Division, First Department. March 8, 1901.)

1. LANDLORD AND TENANT — FALSE REPRESENTATIONS IN PROCURING LEASE —
KNOWLEDGE OF AGENT.

An agent of a landlord inquired the rent of the premises, and was told by the landlord that it was $12,000 a year, though the property was then under lease for $10,000; and the agent then stated to a customer that it was rented for $12,000, and rented the premises to him for such sum. The broker testified that he understood that he was stating the truth when he made the statements. *Held* not sufficient to show that the false representations were knowingly made by the agent, and hence the tenant could not recover therefor.

2. SAME—RELIANCE ON FALSE REPRESENTATIONS.

The agent of a landlord rented certain property for $12,000 a year, and represented to a tenant that the property had been formerly rented at $12,000, when it had only been rented for $10,000; but the tenant had seen the former lease, and had received a letter from the former tenant stating that he paid only $10,000. But the tenant testified that he did not know what the former rent was. The landlord refused to rent the premises for less than $12,000, which was known by the tenant. *Held* not sufficient to show that the tenant relied on the false representations of the agent as an inducement to rent the property, and hence he could not recover therefor.

3. TRIAL—INSTRUCTIONS.

Where instructions given state a certain fact shown by the evidence, it is not error to refuse a requested instruction stating such fact.

Appeal from trial term, New York county.

Two actions by Alexander M. Powell against the F. C. Linde Company. From a judgment in favor of plaintiff, and from an order denying a new trial (64 N. Y. Supp. 153), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

G. D. B. Hasbrouck, for appellant.

J. Edward Swanstrom, for respondent.

RUMSEY, J. Each of these actions was brought to recover an installment of rent due upon a lease. The same questions were presented in both, and it was agreed that one should abide the determination in the other. The plaintiff had a verdict, and a motion for a new trial was denied. Judgment was entered upon the verdict, and from it and from an order denying a new trial this appeal is taken.

The lease under which the rent became due was dated the 25th of March, 1899, and by it the plaintiff leased to the defendant certain premises in the city of New York for the term of 10 years and 1 month, at an annual rental of $12,000; the rent for the month of April being payable at the end of that month, and thereafter quarterly. The installments sued for in these actions are those due on the 30th of April and the 1st of July, 1899, respectively. The defense relied upon here is that the plaintiff, to induce the defendant to make the lease at the rental of $12,000 a year, represented that the previous tenant had paid that sum; that such representations were

false, and were known to the plaintiff to be false; that the defendant relied upon them and was deceived by them. And the relief asked for is that the lease shall be canceled and delivered up. It appears that the previous tenant had a lease which expired on the 1st of May, 1902; that the defendant had an assignment of that lease; that at the time of the taking of the lease in suit that prior lease was surrendered. And it is asked that the surrender of that lease, as well as the lease in suit, shall be canceled; the result sought being that the plaintiff would be permitted to hold the premises under the assigned lease until the 1st of May, 1902, at the rent fixed therein, and be relieved from the payment of the additional rent under the lease with the plaintiff dated the 25th of March, 1899.

The first point made by the learned counsel for the defendant is that the verdict is against the weight of the evidence. To entitle the defendant to recover upon its counterclaim, it was necessary for it to establish the representations made, their falsity, the knowledge of the falsity, the intention to deceive, and the fact that the defendant relied upon them and that it suffered damage thereby. Hadcock v. Osmer, 153 N. Y. 604, 47 N. E. 923; McIntyre v. Buell, 132 N. Y. 192, 30 N. E. 396; Long v. Warren, 68 N. Y. 426. That the representations were made by one Diamond, a broker, is not denied. The defendant insists that, as Diamond made these representations in the course of the negotiations which resulted in the making of the lease, the plaintiff is responsible for them, and chargeable with a knowledge of their falsity, to precisely the same extent as if he had made them himself. Although this is exceedingly doubtful, yet, for the purposes of this appeal, we are disposed to concede the correctness of that claim. But, admitting this, it was necessary for the defendant to prove not only that the representations were known by Diamond to be false, but that the defendant relied upon them; and if there was evidence to enable the jury to conclude either that Diamond did not believe them to be false, and did not make them to deceive the defendant, or that the defendant did not rely upon them, the verdict was correct. That Diamond believed the statements to be true cannot be denied. When he undertook the negotiations he inquired of Mr. Powell, the plaintiff, what the rent of the premises was, and was told that it was $12,000; and Powell further said to him that he would require the intending tenant to make a proposition in writing; that the term of the lease should be at least 10 years, and the rent $12,000 a year; and that he would consider nothing except upon those terms. It is undisputed that Diamond wanted to know what was the rent of the premises. Diamond says that he understood that $12,000 was the rent that had been paid, and he believed that to be the truth. To charge him with falsity and deceit with respect to that matter, the defendant relies upon the principle laid down in the case of Marsh v. Falker, 40 N. Y. 562, and other cases subsequently, that representations are actionable as false either if they are known to be false by the person making them, or if he assumed or intended to convey the impression that he had actual knowledge of their truth, though conscious that he had no such knowledge; and in such a case the declarant is charged with the knowledge

of the falsity of the representations, even though he believed them
to be true. Now, it is quite evident in this case that Diamond was
not conscious that he had no knowledge of the actual rent paid by
the previous tenant. On the contrary, he supposed that he had that
knowledge. He went to Powell and asked him what that rent was,
and was told that it was $12,000 a year, and he supposed that that
was true. Therefore the jury, although they must have found that
Diamond did tell the defendant that the rent was $12,000, and that
it was not true, might also have concluded that he was not conscious
that it was not true; and it further appearing that he had used rea-
sonable care to ascertain the fact, and that he believed that to be
the amount of the rent, the verdict of the jury rendered upon this
basis might be sustained. But it is clear that, upon the testimony
as it stands, the jury not only might have found, but were bound to
find, that the defendant in making this lease did not rely upon any
of the representations made to it as to what the rent had been. It
appears that Gibson, the defendant's president, had been conducting
negotiations with the receiver of R. J. Dean & Co., the former ten-
ant, to secure an assignment of its lease of these premises, which
expired on the 1st day of May, 1902. He had written to the re-
ceiver a letter reciting the leases he wished to buy from him. The
lease of the premises in question was mentioned in that letter, and in
it the rent of these premises was stated at $10,000 a year. He also
had in his hands the actual lease, and had it for several days; but
he testifies that, although it was stated in that lease that the rent
was $10,000, he knew nothing about it. It also appears that on the
7th of March Gibson offered to take the building in question for the
unexpired time of the Dean lease, "which we understand to be for
seven or eight years, at the rent of $12,000 per annum; other details
of lease to be arranged." On the same day Powell answered that
letter, saying that he would give a 10-year lease of the buildings
referred to in the letter at the rental mentioned; the lease to com-
mence as soon as possession of the building was obtained by him.
That proposition was accepted on the next day by Gibson, in a letter
saying that they would take the property on lease for 10 years. In
view of all these facts, which are practically undisputed, the jury
would not have been justified in finding that the defendant relied
upon the representation made by Diamond that the rent paid by
Dean & Co. was $12,000; for not only did the president have in his
possession actual information as to the amount of the rent paid, but
he knew, also, that the plaintiff would not give him a lease for any-
thing less than $12,000. For these reasons the claim of the learned
counsel for the defendant that the verdict is against the weight of
the evidence cannot be sustained.

There remain, then, only the exceptions to the rulings of the trial
court. An examination of the charge shows that the court stated
to the jury, in response to a request of the defendant, the true rule,
even more strongly than the defendant had any right to expect. The
court was asked to charge that where a party represents a material
fact to be true to his personal knowledge, whether true or not, and
it is actually untrue, he is guilty of falsehood, even if he believes it

to be true, and if the statement is thus made with the intention that it should be acted upon by another, and he does so act upon it to his injury, the result is actionable fraud. This was charged by the court. He also charged that Diamond acted as the agent of the plaintiff in the negotiations which resulted in the making of the lease. He also charged that, when Diamond made the statement that the rent previously paid was $12,000, he believed it to be true. The charges in pursuance to these requests laid down fully the rule as the defendant was entitled to have it, and the jury could not have misunderstood the court as to the true rule. The rule had also been laid down in the charges of the court before these requests were made, and a careful reading of the charge shows that the jury could not have failed to understand what was to be decided by them upon the defendant's counterclaim.

The court was also asked to charge that Diamond had stated that the rent was $12,000 a year. That the court refused to charge, and that refusal is said to be error. But it appears that the court in a previous part of the charge had stated that Diamond had repeatedly told Gibson that the rent was $12,000, and, having charged it once, it was not error to refuse to charge it again.

Upon a careful consideration of the whole case, we think that no error was committed by the court to the prejudice of the defendant; and for these reasons the judgment and order should be affirmed, with costs. All concur.