(64 App. Div. 547.)

GROSJEAN v. GALLOWAY.

(Supreme Court, Appellate Division, Second Department. October 23, 1901.)

1. VENDOR AND PURCHASER—DEFECTIVE TITLE—DECEIT—MEASURE OF DAMAGES.

In an action for a deceit in fraudulently inducing plaintiff to purchase real estate by representations that defendant had title thereto, when in fact he merely held tax certificates, the measure of damages is the difference in value between a perfect title and the interest which plaintiff actually acquired by the conveyance.

2. SAME—QUESTIONS FOR JURY—SUFFICIENCY OF EVIDENCE.

Defendant represented to plaintiff that he owned certain lots, and that he had bought them from the state engineer. Defendant stated to plaintiff, "If you don't believe that I own them, here are the tax receipts," and, on being asked if the title was all right, said that it was. Defendant testified that he never bought the lots; that he had no title except the redemption certificate to a portion of them; that he had previously gone into possession, partly under such certificate, and built a fence around them, and cultivated them. On such representation plaintiff paid defendant a certain sum for the lots, and received a quitclaim deed. *Held*, in an action for deceit, that the evidence was sufficient to submit to the jury the question of the fact and falsity of the representations, the defendant's knowledge, and the reliance of the plaintiff thereon.

3. SAME—EVIDENCE—ADMISSIBILITY—PRESUMPTION ON APPEAL.

In an action for deceit in inducing plaintiff to purchase a defective title to realty, plaintiff offered in evidence, as bearing on the measure of damages, a lease under which he had been paying rent. No objection was made that no evidence had been introduced to show that the lessor was the real owner of the premises. *Held*, that it was error to exclude the lease; the court on appeal assuming that plaintiff would have followed up the offer of the lease by proof of the lessor's title.

Appeal from trial term, Richmond county.

Action by Amelia Grosjean against William A. Galloway. From a judgment entered on dismissal of the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Lyman A. Spalding, for appellant.
John G. Clark, for respondent.

GOODRICH, P. J. The action is to recover damages for deceit. The complaint alleges that the defendant falsely and fraudulently represented to the plaintiff that he was the owner of 12 lots in Richmond county; that such representations were known to the defendant to be false, and were made with the fraudulent intent to induce the plaintiff to purchase the lots; and that the plaintiff, relying upon such representations, and induced solely thereby, purchased the lots, paid the defendant $300, and received from him a quitclaim deed, to the plaintiff's damage $300. The answer denied all fraud, and alleged that the defendant was in possession of the premises, and that upon the execution and delivery of the deed the plaintiff went into possession, and still remains in possession of the premises under the deed.

At the close of the evidence for both parties the court dismissed the complaint, and the plaintiff appeals.

It is elementary that a person who has been induced by fraudulent representations to become the purchaser of property has, upon discovery of the fraud, three remedies open to him, either of which he may elect: First, he may rescind the contract absolutely, and sue to recover the consideration, in which case he must first restore or offer to restore the property; second, he may bring action to rescind; third, he may retain what he has received, and bring an action at law to recover the damages sustained, in which case the measure of his recovery is the difference between the value of the article sold and what it should be according to the representations. Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301. In Krumm v. Beach, 96 N. Y. 398, it was held that where a party seeks the third remedy, whether the representations relate to the title or to matters collateral to the land, the measure of the damages is full indemnity to the injured party,— the entire amount of his loss occasioned by the fraud. The evidence shows that the defendant represented that he owned the lots; that he had bought them from the state engineer at a tax sale; that he was the only owner of these 12 lots; that he said: "If you don't believe that I own the lots, here is the tax receipts that I paid taxes on this year, and why should I pay taxes if I did not own the lots?" Being asked whether the title was "all right," he answered, "Yes; I am sure of that." The defendant testified:

"I never bought these lots from anybody. I did not have any title to them by purchase from anybody on that day, except the redemption certificate of six of these lots, and the occupation of them. * * * I was in possession of those lots from the summer or the spring of 1889 until Mr. Grosjean went on these lots and took possession of them. And it is under this certificate, partly, that I went into possession. When I took possession of them I built a fence around them, and cultivated them during the whole of that time."

On the representations already set out the plaintiff paid the defendant the $300, received a quitclaim deed, and went into possession. There was evidence sufficient to require a submission to the jury of the fact and the falsity of the representations, the defendant's knowledge, and the reliance of the plaintiff thereon. There remained then the question of the measure of damages, and this, as already indicated, was the difference between the amount paid by the plaintiff and the value of the lots, if the defendant owned them. The plaintiff's evidence showed that after she went into possession she had been paying rent on some of the lots, and her counsel offered in evidence a lease to her of such lots. On objection of the defendant the court excluded the lease, and the plaintiff excepted. Doubtless the orderly method of proof was evidence in the first place that the lessor was the owner of the premises, yet, no specific objection of that character having been made to the introduction of the lease, we must assume on appeal from a dismissal of the complaint that it was the intention of the plaintiff to follow up the lease by proof of title, and then by evidence of the value either of the lots themselves or the possession of them. This would have been testimony from which the jury could have found the amount of the difference in values re-

ferred to in Vail v. Reynolds, supra.   Consequently the exclusion of the lease was error which requires a reversal of the judgment.

Judgment reversed and new trial granted; costs to abide the event.  All concur.