(40 Misc. Rep. 9.)

NICHOLS v. NICHOLS et al.

(Supreme Court, Trial Term, Chenango County.   February, 1903.)

1. FRAUDULENT CONVEYANCE—CONSIDERATION.
    An assignee of a judgment against a firm sued to set aside a transfer
    of a farm by a partner to his sister, and to make the judgment a lien on
    insurance moneys which she had received on the loss of the farm build-
    ings by fire.   The other partner of the firm had paid the judgment, and
    plaintiff had made no attempt to enforce payment from the firm assets.
    He had also assisted in the negotiations which led up to the alleged
    fraudulent transfer, and there was evidence that the sister had paid
    some consideration and assumed certain obligations against the firm.
    *Held* to justify a judgment for defendant.

2. SAME—RIGHTS OF GRANTEE.
    Where a sister in good faith took a transfer of a farm to secure ad-
    vances made to help her brother, on a retransfer of the same she would
    be entitled to repayment of the advances made and any obligations of the
    part assumed by her.

Action by John M. Nichols against Frederick T. Nichols and Ada-
line A. Hickox to set aside a transfer of real estate.   Judgment for
defendants.

H. C. & V. D. Stratton, for plaintiff.

Burr W. Mosher (Harvey D. Hinman and W. B. Matterson, of
counsel), for defendants.

FORBES, J.   This is an action brought to set aside a transfer of
real estate from Frederick T. Nichols to Adaline A. Hickox, and to
make the judgment a lien upon certain fire insurance moneys collected
by the defendant Hickox, received by her as losses from the burning
of certain buildings located upon the farm transferred to her by her
brother, the other defendant.

The plaintiff is the son of Frederick T. Nichols.   Frederick T.
Nichols and Thomas B. Foote were copartners, engaged in business
at Binghamton, N. Y.   They borrowed from the Binghamton Trust
Company, upon their note, signed "Nichols & Foote," and "T. B.
Foote," the sum of $1,000, which went into their copartnership busi-
ness and which became a copartnership debt.   After the note fell due
and became payable, a joint action was commenced against Frederick
T. Nichols and said Foote.   The complaint alleged the copartnership
and the making and delivery of said note to the trust company.   For
some reason service was not made upon Thomas B. Foote, although
there is no evidence to show that he did not then reside at Bingham-
ton, N. Y., within the jurisdiction of the court.

I think a reasonable inference may be drawn that the action was
commenced by the trust company, in form against said copartners, at
the request or instance and for the benefit of said Foote, since shortly
after the judgment was perfected Foote paid said judgment without
taking an assignment thereof.   It is claimed by the plaintiff that said
trust company was thereafter to sign any paper which should subse-
quently be demanded by said Foote.   This matter ran along until
August 23, 1900, when without the knowledge of said Foote, and at
the suggestion and by the request of Roger P. Clark, an assignment

was made by the trust company to said Foote. Subsequently, with Foote's knowledge, an assignment was made to this plaintiff. The consideration paid was $45. The judgment, entered September 21, 1894, was for $1,036.54. Inferentially, the assignment was made to the plaintiff for the purpose of enabling him to enforce the payment of that judgment.

Proceedings supplementary to execution were instituted, and an examination was made of the defendant Hickox for the purpose of disclosing the transaction between the defendant Frederick T. Nichols and said Hickox. Thereafter this action was commenced. If this action can be maintained at all, it must be maintained upon clear and conclusive evidence that a fraudulent transfer took place between the defendants, Frederick T. Nichols and said Hickox. Taylor v. Taylor (Sup.) 13 N. Y. Supp. 55, affirmed 129 N. Y. 623, 29 N. E. 1029; Erwin v. Curtis, 43 Hun, 292; Farmers' & M. Bank v. Smith (Sup.) 70 N. Y. Supp. 536; La Tourette v. La Tourette, 54 App. Div. 137, 66 N. Y. Supp. 430, affirmed 167 N. Y. 613, 60 N. E. 1115; Murray v. Sweasy, 69 App. Div. 45, 74 N. Y. Supp. 543.

Second, the action being based upon the recovery of a lawful existing judgment against the grantor of said premises, the issuing and return of an execution unsatisfied, and the inability on the part of the judgment creditor or his assignee to enforce the collection of said claim in any other manner, it is insisted by the defendant Hickox that, while the debt upon which said judgment is predicated was in form a copartnership debt against the firm, still the other copartner, Thomas B. Foote, was the one primarily liable to pay and satisfy the same. From the evidence in this case and the circumstance of the long delay in securing the transfer to, or enforcement of, said claim by the plaintiff, that position seems to be quite tenable.

At all events, upon its face, this was a copartnership debt; and the obligation was paid by said Foote, either voluntarily or by an arrangement with said trust company. If it was so paid, the obligation, as a judgment against the defendant Frederick T. Nichols, at the time of this payment, was extinguished and then became inoperative as the basis of this action. Harbeck v. Vanderbilt, 20 N. Y. 395; Booth v. F. & M. Nat. Bank, 74 N. Y. 228; Zimmerman v. Gaumer, 152 Ind. 561, 53 N. E. 829. There is no evidence that any attempt has been made to adjust the copartnership transactions or to enforce this judgment against the copartnership assets. The judgment itself, in form, became a judgment which might have been enforced against any copartnership assets in the hands of either partner.

Again, the evidence shows that the plaintiff was present during the negotiations, or a portion of those negotiations, when the transfer of the real estate from Nichols to Hickox took place. That he was also present at some time and understood that the debt upon which said judgment was based, through some arrangement or obligation as between the copartners, was to be adjusted and satisfied by said Foote. That some consideration was paid for the transfer by the defendant Hickox, and that certain obligations against the premises

were assumed and agreed to be paid by her, is clearly shown by the evidence.

There is evidence sufficient, undoubtedly, to show that the transfer may have been questionable; but, as between the parties who knew of and voluntarily participated in the transaction, if fraudulent the court would ordinarily leave them where it finds them, since they cannot come into court except with clean hands, and ask the court to interpose and adjust their rights. Poppe v. Poppe, 114 Mich. 649, 72 N. W. 612, 68 Am. St. Rep. 503.

While certain letters introduced in evidence may be construed as harmful to the defendant Hickox's contention, she insists that she intended to commit no fraud. The proof is that the letters were written and her signature signed by her husband. Aspell v. Campbell, 64 App. Div. 393, 72 N. Y. Supp. 76.

Since the law requires that she must knowingly have participated in the fraudulent transfer, there is enough in the case from which to draw the inference that she took the transfer in good faith, to assist her brother, the other defendant. If this is so, whatever she became obligated to pay and whatever she advanced must be refunded to her before she can be asked to retransfer the property to any one. Lary v. Pettit (Sup.) 66 N. Y. Supp. 834; Grosjean v. Galloway, 64 App. Div. 547, 72 N. Y. Supp. 331.

The insurance was probably made for her own benefit and became a contract between her and the insurance company. If this is so, then the insurance money became her own, and she would not be compelled to turn it over to any one else, if she had an insurable interest in the property. Addis v. Addis (Sup.) 14 N. Y. Supp. 657; Hand v. Williamsburg City Fire Ins. Ass'n, 57 N. Y. 41; Harvey v. Cherry, 76 N. Y. 436; Hathaway v. Orient Ins. Co., 134 N. Y. 409, 32 N. E. 40, 17 L. R. A. 514.

I think, therefore, that the plaintiff's complaint must be dismissed, with costs. Judgment may be entered accordingly.

Judgment accordingly.