(109 App. Div. 607.)

## BUCHAL v. HIGGINS.

(Supreme Court, Appellate Division, Second Department. December 8, 1905.)

1. FRAUD—ELEMENTS OF CAUSE OF ACTION.

In an action for false representation, it is necessary to prove the representation, its falsity, the intention to deceive, and that plaintiff relied on the representation and was damaged.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, §§ 2, 3, 17, 24.]

2. SAME—INTENTION TO DECEIVE.

Defendant purchased land at auction, paid for it, and received a deed, which he took to his agent to have recorded. The agent procured a deed of the same date to himself, which he recorded, withholding defendant's deed from record. Defendant did not learn of this till many years later, when he recorded his deed and afterward sold the land to plaintiff. Held, that defendant's representation that he owned the land was not fraudulent.

Appeal from Queens County Court.

Action by Augustin Buchal against John Higgins. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

Winter & Winter, for appellant.
Arthur Van De Water, for respondent.

WOODWARD, J. The complaint in this action is based upon fraud. It alleges that:

"The defendant having offered to sell to the plaintiff a certain lot at Bayside aforesaid, known and designated by the lot number 157 on a certain map entitled 'Map of the Property of the Bayside Land Association, 1872,' filed in the office of the clerk of the county of Queens, did, with the intent to deceive and defraud the plaintiff, falsely and fraudulently represent to him that the said lot was the property of the defendant."

It then alleges the purchase of the premises for $125, relying upon these representations, and the receiving of a deed with full covenants conveying the same, and that:

"In truth and in fact, as the defendant then well knew, said representations were false, and the said lot was not the property of the defendant, but was the property of the heirs at law and next of kin of Mary E. Carll, deceased."

The complaint for a second cause of action sets up substantially the same allegations in reference to a second parcel of land in the same tract. The answer admits the formal allegations as to residence, admits that the plaintiff purchased the premises for the amount named in the complaint, but denies the false and fraudulent representations, leaving the issue to be tried that of fraud in the representations of the defendant in reference to ownership.

Upon the trial the plaintiff put in evidence a certified copy of a warranty deed from L. Bradford Prince to G. Edward Carll, dated the 10th day of October, 1872, and acknowledged on the 19th day of No-

vember, 1875, by which deed a number of lots, including the two lots involved in this controversy, were conveyed for an expressed consideration of $1,220. This deed was recorded November 22, 1875. Plaintiff then offered in evidence the will of G. Edward Carll, by which he devised all of his real property to his wife, Mary G. Carll. The plaintiff's attorney, over the objection and exception of the defendant, was permitted to testify that he had examined the title to this real estate and found that some time prior to 1872 the title was in a man named L. Bradford Prince; that in 1875 a deed was recorded from L. Bradford Prince to G. Edward Carll, and that no deed conveying the property had been made to the defendant; and that the record title still remained in G. Edward Carll or his estate. The same witness also testified that he had in 1886 or 1887 examined the defendant in supplementary proceedings, and that defendant then testified that he did not own the property; that G. Edward Carll owned the property, and he had no interest in it; that the examination was reduced to writing; and that he had made search all over his office for it, and had made inquiry from every one who borrowed it, and "I cannot find it." Defendant objected to this evidence on the grounds that it was irrelevant, immaterial, and incompetent, and that the examination itself was the best evidence, and took an exception to the admission of the evidence. Defendant likewise moved to strike out the evidence on the same grounds. The motion was denied, and defendant excepted.

. On cross-examination the plaintiff's attorney admitted that he had found a deed on record, dated October, 1872, recorded in 1892 or 1893, from Mr. Prince to the defendant; that the deed to defendant and that to Mr. Carll was of the same property and of precisely the same date; and that Mr. Carll's deed was recorded in 1875, while that of the defendant was not recorded until 1902 or 1903. The defendant, to meet the plaintiff's case, put in evidence an original warranty deed from L. Bradford Prince to John Higgins, dated the 10th day of October, 1872, and acknowledged on the same date, by which deed a number of lots, including the two here in dispute, were conveyed for an expressed consideration of $1,220. This deed was not recorded until March 20, 1902. There is no question raised as to the genuineness of this original deed, acknowledged upon the day of its execution, and the defendant testified that on the 10th day of October, 1872, about half past 3 or 4 o'clock in the afternoon, he bought these lots at public auction, and paid for them, and got the deed from Mr. Prince at Bayside; that Mr. Carll was his real estate agent, and that same night he took his deed to Mr. Carll's office, and told Mr. Carll of his purchase, and said he wanted to get his deed recorded the next morning; that Mr. Carll said he would attend to it, and he left the deed with him for that purpose; that when Mr. Carll stopped doing business for the defendant this deed came to him with his other papers; that the first knowledge that he had that Carll had not recorded his deed, but had taken one in his own name, was given him by a certain Mr. Van Nostrand, and that the next day, March 20, 1902, he put his deed on record; that Carll knew that defendant owned the lots and had paid for them when he took the deed to himself; and that Mr. Prince knew it.

This evidence on the part of the defendant is not contradicted in any

measure, except, possibly, by the testimony of plaintiff's attorney in reference to the alleged examination in supplementary proceedings, and we are unable to concur in the conclusion reached by the learned court in holding that the plaintiff had established the cause of action alleged. If the defendant's version of the transaction is correct (and it is strongly supported by the original deed from the common source of title, bearing the same date of that under which the plaintiff claims the title to be in another party), he was the equitable, if not the legal, owner of the premises at the time of the sale to the plaintiff, and he had a right to claim such ownership. The deed to Carll was merely an apparent cloud upon the title, and the plaintiff would undoubtedly be entitled to have that cloud cleared away; but it can hardly be said, under the facts which appear to be conceded, for they are not disputed, that the plaintiff has established that the defendant knowingly misrepresented the facts in claiming to be the owner of the premises. Mr. Carll, if he purchased the premises, did so knowing that they already belonged to the defendant. He purchased them, not only with knowledge of the facts, but in violation of his duty as the agent of the defendant. He could get no title by recording his deed and withholding that of his principal, though a third party might be protected if he had purchased in good faith and without knowledge of the facts. In an action for false representation, it is necessary to establish the representation, its falsity, the intention to deceive, and that the plaintiff relied upon the representation and has suffered damage thereby (Grosjean v. Galloway, 82 App. Div. 380, 382, 81 N. Y. Supp. 871, and authorities there cited); and we are of opinion that the evidence properly in this case does not warrant the conclusion that the defendant intended to deceive the plaintiff. Indeed, it seems to us that the undisputed evidence establishes that the defendant believed that he was in fact the owner of the premises. The mere fact that there is an apparent cloud upon the title does not justify a finding of intentional fraud on the part of the defendant, and this is the essence of the action presented by the pleadings. Fraud must be proven. It cannot be presumed.

The judgment and order appealed from should be reversed, and a new trial granted. costs to abide the event. All concur; HOOKER, J., in result.