———o-o-o———

### Lycurgus Edgarton and others v. Acanthus Hinchman.

Under the act of 1851, a circuit court commissioner has power to dissolve an attachment levied upon lands only.

The act conferring upon circuit court commissioners the authority to dissolve attachments, does not give powers beyond those which may properly be exercised by a circuit judge at chambers, and therefore is not unconstitutional.

*Submitted on Brief, July 12th.    Decided November 3d.*

Certiorari to the circuit court commissioner for Berrien county.

On the 25th of April, 1859, Hinchman presented to said commissioner a petition, setting forth that plaintiffs in error had sued out of the circuit court for said county a writ of attachment against the property of himself and one Adams, upon an affidavit which was untrue in certain specified particulars, and that said attachment had been levied upon lands of the petitioner; wherefore he prayed that the plaintiffs therein might be cited to show cause why said attachment should not be dissolved.

The commissioner issued a citation accordingly, and, after hearing the parties thereon, made an order dissolving said attachment. The plaintiffs removed the proceedings to this court by certiorari.

*Johnson & Higby*, for plaintiffs in error:

1. The statute does not authorize an attachment to be dissolved when only lands are attached. The evil to be guarded against by this law was the unwarrantably breaking up the business of debtors by attaching their personal property. The attachment law is designed to enable the creditor to secure his debt, but not unnecessarily to disturb the debtor. in his ordinary avocations. The attachment of lands gives the debtor from one to two years to pay his debt, and the case can seldom arise when he can be injured by this process. And the time is so long that it would hardly ever be the case that the creditor would attach lands unless he felt a well founded apprehension of losing his debt, while the facility with which personal property could be converted into money, might hold out stronger temptations to use these means unscrupulously.

2. The act conferring upon commissioners the power to dissolve attachments, is unconstitutional. The power is judicial, special, and not according to the course of the common law.—*Chandler v. Nash*, 5 *Mich.* 509. A judge at chambers, at the common law, might make any and all orders necessary to bring the issue to a hearing, and, after judgment, could make any and all orders necessary to the due execution of the decree or judgment. But he could not decide the issue in the cause, nor render any final judgment. The decision on this application is virtually a judgment of non-suit. The issue upon the petition is, in fact, the main issue in itself, with a view to the final determination of the cause.

CAMPBELL J.:

An attachment having been levied upon the real estate of the defendant Hinchman, he moved before the circuit court commissioner to dissolve it. This motion was resisted upon several grounds, all falling within two heads,

which are, 1st: That a motion will not lie under the statute to dissolve an attachment on lands; and 2d: That the circuit court commissioner had no power, under the Constitution, to dissolve an attachment.

The statute of 1851 (2 *Comp. L.* 1275) authorizes "any defendant, whose property may be attached," to apply for a dissolution. This language is very broad, and, unless some good reason appears to the contrary, can not readily be satisfied without embracing any property which can be levied upon by attachment. The writ issues upon an *ex parte* affidavit [of fraud or non-residence, and upon these peculiar grounds secures a lien upon the debtor's property. If the debtor does not reside abroad, and is guilty of no fraud, there is no propriety in allowing his property to be tied up on a showing that is not substantiated on the motion to dissolve. That it can not easily harm him is no answer, for unless the statutory grounds exist, the creditor ought not to obtain any advantage which an ordinary suit would not give him. But an attachment may operate as a cloud upon title, and thus work a direct and tangible injury to the debtor. This objection is not well taken.

But it is claimed the statute is unconstitutional. This law was passed after the Constitution took effect, and if the powers of the commissioner in this respect exceed those which may be properly exercised by a circuit judge at chambers, the objection will be valid. But, by the same act, the circuit judge is authorized to act as well as the commissioner. The interference is entirely interlocutory, and does not touch the issue in the attachment suit. It is merely to inquire into the truth of matters upon which the plaintiff has, by an *ex parte* affidavit, been enabled to obtain a statutory advantage. If the law required a plaintiff, in order to sue out an attachment, to satisfy a commissioner beforehand that good cause existed for issuing he writ, and the defendant had an opportunity to contest

it, the proceeding would be the same in principle as the present one. But viewed in that light, it bears a very strong resemblance to a preliminary examination to determine upon the commitment of a person accused. The main and only real difference is, that the jurisdiction as now maintained, is a step in judicial proceedings already commenced in a legal action, and therefore partakes of their character as an interlocutory motion. But it does not differ in character from any of the ordinary chamber powers of judges. And, inasmuch as the enactment of the statute of 1851 merely imposes a new condition upon a statutory privilege, unknown to ordinary actions, to prevent the abuse which might attend on the unchecked action of 'parties swearing on mere belief to secure this privilege, it might, perhaps, be safely vindicated as part of a special statutory remedy, even if objections would prevail against similar powers in ordinary cases.

The powers of the judges and commissioners under this statute are not, in their nature, more extensive than ordinary chamber powers, and are similar in their character to those. I do not perceive wherein the act violates the Constitution. I think the decision should be affirmed.

The other Justices concurred.