## William H. Waldby v. Genevieve Callendar.

The provision in the tax law of 1858, which attempts to confer upon Circuit Court Commissioners the power to adjudicate upon tax titles, is unconstitutional and void.

*Submitted on brief July 6th. Decided July 9th.*

Certiorari to the Circuit Court Commissioner for Allegan county.

On April 23d, 1859, Genevieve Callendar presented to said Circuit Court Commissioner a petition, under §101 of the tax law of 1858, to have certain tax titles held by one Merchant, upon land claimed by her, set aside and annulled. Plaintiff in error, who held a mortgage given by Merchant, was made a party respondent to said petition, and proceedings having been had before the Commissioner in conformity with the section mentioned, the Commissioner rendered judgment that the prayer of the petition be granted, and the tax deeds annulled.

*T. M. Cooley*, for plaintiff in error: .

The Legislature can not, under the Constitution, confer upon Circuit Court Commissioners the power which this act attempts to give.

That the power is judicial is too clear to need argument, or the citation of authorities. The decision of the Commissioner is called a *judgment* by the act (§101): it determines the title : it is a substitute for the action of ejectment (§90) : it is final unless appealed from : the commissioner does not report to the Circuit or any other court : and the Circuit Court gets no jurisdiction of the proceedings except by *appeal*. The power is not only a judicial power, but a judicial power of the highest importance, determining finally controversies with respect to property, to any amount or value.

It is a power not exercised with respect to any suit *in court*.

It is not possessed by Circuit Judges at chambers, and does not relate to chamber duties.

It was not possessed by commissioners at the adoption of the Constitution.

The act therefore does not come within any of the decisions of this court with reference to the power of commissioners, and there can really be no question of its invalidity.

There was no appearance for defendant in error.

MARTIN CH. J.:

By § 101 of act No. 32 of the session of 1858, (*S. L. pp.* 186, 189) the Legislature attempted to confer upon Circuit Court Commissioners judicial powers equal to the combined powers of courts of law and of equity. By § 16 of Art. 6 of the Constitution, the Legislature could only invest these officers with powers not exceeding those of a Circuit Judge at chambers; and this attempt to clothe them with these superior powers, is in direct conflict with this constitutional provision.

The judgment of the Circuit Court Commissioner is reversed, with costs.

The other Justices concurred.