## Thaddeus H. Rowe v. Amelia J. Rowe.

*Certiorari: Motion to dismiss: Practice.* The question whether a case is a proper one for the writ of *certiorari* is one that relates to the merits, and will not be entertained on a motion to dismiss the writ in advance of the hearing.

*Certiorari: Discretion.* Where a writ of *certiorari* has been granted by a competent officer, upon a sufficient application, the supreme court will not review his discretion in granting it, on a motion to dismiss.

*Certiorari: Double application.* Whether an application pending and undetermined, to a circuit judge of the county where the proceedings were taken, for a writ of *certiorari* to review proceedings before a circuit court commissioner on a writ of *habeas corpus*, would render a like application to a justice of the supreme court nugatory:—*Quære?*

But where upon the showing it is clear that the commissioner had not in fact rendered his decision when the first application was made, the supreme court will not dismiss its writ.

*Custody of children: Discretion: Interested parties.* In a controversy between parents for the custody of their children, the children are interested as deeply as the parents, and the court will not take any step within its discretion which might prejudice them, even in case of misconduct on the part of the contending parents.

28 MICH.—45.

*Circuit court commissioners: Judicial powers: Habeas corpus: Custody of children.* Circuit court commissioners have no power under our constitution (*Art. VI.*, §§ *1, 16*) to adjudicate, under the writ of *habeas corpus*, upon the right to the custody of children; such a power properly pertains to courts, and cannot be conferred upon an officer to be exercised in a summary proceeding out of court.

*Statute construed: Habeas corpus: Circuit court commissioners: Chamber powers.* Construing together the provisions of the constitution and the statute authorizing commissioners to issue the writ of *habeas corpus*, it is held that the statute must be understood as excepting from their jurisdiction all cases in which the relief sought is such as cannot, consistently with legal principles, be afforded by an order made by a judge at chambers.

*Heard October 31. Decided November 5.*

*Certiorari* to Rufus H. Grosvenor, circuit court commissioner of Kalamazooo county.

*May & Buck*, for defendant in *certiorari*, moved to dismiss the writ.

*H. F. Severens, contra.*

PER CURIAM.

A motion is made to dismiss the writ of *certiorari* on two grounds: *first*, because the case is not a proper one for that writ; and *second*, because it was improvidently granted.

The first point relates to the merits, and should be considered when the case is argued, and not on this motion. The second is the only one proper to be discussed now; and the ground of objection is that the application for the allowance of the writ was made to a justice of this court, and granted, while a similar application was pending and undetermined before the circuit judge of the county, where the proceedings removed by the writ were taken.

Where a writ has been granted by a competent officer, upon a sufficient application, we could not review his discretion in granting it, and the only question must be whether the conduct of the party has been such as to preclude him from any right to retain his writ. We are not prepared to say that a double application would be so irreg-

ular that the second must be regarded as nugatory. It must be treated in this court as a matter which would be addressed to our discretion, and the court would be bound to take such action as would work no injustice, and not to dismiss a writ granted by a competent person, unless the plaintiff has so acted as to justify such a measure.

In the present case, therefore, we should, if we had doubts on the fact as to when the commissioner's judgment was rendered, regard the plaintiff as abundantly justified in making the second application, because there was at least a conflict upon the point, whether the commissioner had really made his decision when the first application was made. If he had not, then that proceeding was premature, and would have rendered the allowance of the writ irregular. We think the showing before us is conclusive that the judgment had not then been rendered, and that the application on which the writ was granted was the only one properly and lawfully made. The action of the plaintiff in such a dilemma was entirely proper, whatever might have been the ultimate determination of the disputed fact.

It is proper to remark further, that in a case like the present, where the custody of children is involved, we should feel bound to look to them as interested quite as deeply as either of their contending parents, and should not be disposed, even in case of misconduct, to take any step within our discretion which might prejudice them.

The motion is denied with costs.

The case was afterwards heard upon the merits.

*Arthur Brown,* and *H. F. Severens,* for plaintiff in *certiorari,* were stopped by the court.

*May & Buck,* for defendant in *certiorari.*

COOLEY, J.

The principal question in this case concerns the power

of a circuit court commissioner on *habeas corpus* to adjudicate on the right to the custody of children as between the parents.

The constitution vests "the judicial power" in one supreme court, in circuit courts, in probate courts, and in justices of the peace, but allows municipal courts to be established in cities.—*Art. VI.,* § *1.* It also declares that "The legislature may provide by law for the election of one or more persons in each organized county, who may be vested with judicial powers not exceeding those of a circuit judge at chambers."—*Art. VI.,* § *16.* It is under this last section that the power in question is supposed to be authorized.

We have already, in several cases, had occasion to consider these sections of the constitution, and to pass upon powers assumed to be exercised under them. In *Daniels v. People, 6 Mich., 381,* it was held that circuit court commissioners might take bail in criminal cases, and in *Edgarton v. Hinchman, 7 Mich., 352,* their authority to dissolve attachments was sustained. But in neither of these proceedings does the officer render any final adjudication on the rights of parties, but his action is entirely collateral to the principal proceeding, and is one of those steps in the cause which may as properly be taken at chambers as in court. In *Streeter v. Paton, 7 Mich., 341,* the power of commissioners to try complaints for the recovery of possession of lands was sustained, mainly on the ground that it was exercised under statutes in force before the constitution was adopted, and which it was not believed were intended to be abrogated by it.

On the other hand, in *Waldby v. Callendar, 8 Mich., 430,* approved in *Case v. Dean, 16 Mich., 12,* it was held incompetent to confer upon these officers the authority to adjudicate upon the validity of titles asserted in lands. The decision was placed distinctly upon the ground that this was a judicial power which only a court could properly exercise.

ROWE *v*. ROWE.

Although we have for many years had statutes which name circuit court commissioners among the officers who may issue the writ of *habeas corpus*, they do not, in terms, expressly authorize the writ in cases of this nature, and we are not aware that it has ever been the practice in this state to apply to these officers in such cases. There is consequently no room for an argument that the constitution may have been framed in view of leaving undisturbed any practical construction of the statute recognizing their authority. And the question involved is, therefore, narrowed down to this: whether an adjudication, such as was had in this case, by which a child is to be taken from one parent and delivered to the other, can be within the compass of the powers and duties of a judge at chambers.

It will be observed that this raises no question of the scope of the remedy by *habeas corpus* in this state, but it concerns only the right of an officer out of court to issue the writ for the purposes of the relief which was attempted to be given in this case. We may concede the power of the commissioner to issue the writ in many cases in which it is demandable, without at all touching the question which cases of this nature present. These cases are really exceptional; and that they must have been so regarded by the legislature is manifest, since the form prescribed by the statute for a petition for the writ is wholly inapplicable.

Construing together the provisions of the constitution and the statute, we must understand the latter, in conferring upon circuit court commissioners the authority to issue writs of *habeas corpus*, to except from their jurisdiction all cases in which the relief sought would be such as could not, in consistency with legal principles, be afforded by an order made by a judge at chambers. And such a construction would exclude this case; for it cannot be doubted that a final adjudication upon the right of contesting parties to the control, custody, nurture and education of a child is as much foreign to the nature of chamber powers as one where the possession and enjoyment of property are

Rowe *v.* Rowe.

the purpose of the suit. It has not been customary anywhere to have such powers exercised by an officer of limited jurisdiction proceeding in a summary manner out of court, and it is not for a moment to be supposed the legislature would have given the authority without making some provision for securing a fair trial upon the merits, with suitable mode of review. But no such provision is made by the statute under consideration; and if the commissioner may try the case at all, he may proceed in his own time, and in his own way, to dispose of a controversy which in its nature is one of the most delicate, and in its results to the parties one of the most important that could possibly arise. The order he makes is in the nature of a decree in equity, and unless submitted to quietly, would require extraordinary judicial powers for its enforcement. The circuit court seldom is called upon to exercise a more important authority; and if it can be transferred to a commissioner as a mere chamber duty, it is not easy to see why any other power which that court exercises may not be transferred to him also, by simply dispensing with the forms of trial prescribed for the attainment of justice, and making the proceeding summary.

We regard the case of *Waldby v. Callendar* as governing this, and the proceedings must be quashed.

The other Justices concurred.