## Isaac N. Gage v. Lucy O. Gage.

*Deed: Delivery: Husband and wife.* Where a husband has executed a deed to his wife, for the purpose of having her exhibit it to his creditor to induce him to grant an extension, and has deposited it with his other papers in the house where she had access to it, to make use of it for the purpose for which it was made, to show ownership in herself, the legal control of it must be regarded as delivered to her; and this constitutes a delivery in law.

GAGE *v.* GAGE.

*Deed: Delivery: Case made by the bill.* The complainant, having planted himself on the non-delivery of the deed, must fail in his suit to set aside the conveyance when delivery is made out.

*Deeds: Illegal purpose: Fraud: Delaying creditors.* A party who executes a deed for the illegal purpose of delaying his creditor in the collection of his debt, must bear the consequences if the party he trusts in his unlawful attempt defrauds him. Courts will not occupy themselves with adjusting equities between wrong doers.

*Heard April 4. Decided April 17.*

Appeal in Chancery from Eaton Circuit.

*I. D. McCutcheon* and *I. M. Crane,* for complainant.

*Dart & Shields,* for defendant.

COOLEY, CH. J:

The complainant in this cause seeks to set aside and have cancelled a deed of lands made by himself to his wife, but which he alleges was never delivered as a conveyance. His case is, that on or about the 20th day of January, 1871, he executed the deed at the suggestion of his wife, for the purpose of exhibiting it to one Lapham, to whom he was at that time indebted, in order that, by means thereof, he might secure from Lapham further time for the payment of his indebtedness; that the deed was deposited with his other papers in his house after execution, but was subsequently, without his knowledge or consent, taken by his wife and put on record, and she now claims title under it. This is a substantial statement of complainant's claim as he makes it by his bill.

The testimony regarding the actual delivery of the deed by the husband to the wife is conflicting, but from all the evidence it is perfectly clear that whether the deed was actually placed in the wife's hands or not, it was deposited where she could make use of it for the very purpose for which it was made. The actual custody was as much in her as in him, and as it was understood that she was to make use of it on occasion to show ownership in herself,

the legal control must be regarded as delivered to her. And the act of the wife in taking the deed and placing it upon record, though it may have been without the husband's knowledge, was in itself no wrong, if delivery in fact or in law had previously been made.

We think a delivery in law is shown; and this is an end of the case. Fraud in procuring the deed is not relied upon, and complainant, having planted himself on the non-delivery, must fail when delivery is made out. He has executed a conveyance for the illegal purpose of delaying his creditor in the collection of his demand, and if the party he trusts in his unlawful attempt defrauds him, he must bear the consequences. Courts cannot occupy themselves with adjusting equities between wrong doers. When parties associate for an unlawful purpose they must calculate in advance the probabilities of bad faith towards each other, and must expect no assistance of the law against each other's frauds.

The decree dismissing the bill must be affirmed, with costs.

The other Justices concurred.