WHITE STAR REFINING CO. *v.* HOLLY LUMBER &
SUPPLY CO.

1. JUDGMENT — VENDOR AND PURCHASER — QUIETING TITLE — FORE-
CLOSURE—RES JUDICATA.
      Suit to quiet title as to vendee's interest as against unrecorded
      assignment *held*, not *res judicata* as to issues involved in
      vendor's subsequent suit to foreclose land contract although
      it appears vendor here who held unrecorded assignment there
      was also holder of vendor's interest at time of former suit,
      where no issue in former suit is before court in instant case.

2. EQUITY — VENDOR AND PURCHASER — FORECLOSURE — UNCLEAN
HANDS.
      In suit to foreclose land contract by vendor who, at time of
      former suit by vendee to quiet his title as against unrecorded
      assignment of such interest, was then an undisclosed holder of
      the vendor's interest, failure of plaintiff herein to disclose its
      entire interest in former suit *held*, no bar to present suit be-
      cause of unclean hands, where rights and liabilities in present
      suit have not been affected and the apparent fraud was com-
      mitted in another case.

Appeal from Genesee; Black (Edward D.), J.
Submitted April 5, 1935. (Docket No. 84, Calendar
No. 38,255.) Decided May 17, 1935.

Bill by White Star Refining Company, a Delaware
corporation, against Holly Lumber & Supply Com-
pany, a Michigan corporation, and others to fore-
close a land contract. Bill dismissed. Plaintiff ap-
peals. Reversed.

*Frank E. Lewellen* (*Goodenough, Voorhies, Long
& Ryan,* of counsel), for plaintiff.

*Leroy W. Belanger* and *Frank P. Darin* (*Nelson
S. Shapero,* of counsel), for defendants.

FEAD, J. This is a companion case to *Holly Lumber & Supply Co.* v. *Friedel, ante,* 425.

March 15, 1928, Fellows sold premises to Beatrice L. Striggow on land contract for $18,000. Her husband, Justin Striggow, signed the contract but was not named therein. April 12, 1928, Mrs. Striggow assigned the vendee interest to White Star Refining Company as security for a loan of $2,500, the assignment not being recorded until June 13, 1930. December 13, 1929, Fellows conveyed the vendor interest to Friedel and, on the same day, the latter conveyed to the White Star Refining Company subject to the contract. April 17, 1930, Mrs. Striggow quitclaimed to Holly Lumber & Supply Company and the deed was recorded April 18th. The balance of the contract then was about $14,000.

January 27, 1930, Friedel commenced suit in chancery against the Striggows to foreclose the contract for default of $1,455.52, and decree of foreclosure was entered March 29th. May 6th, Holly Lumber & Supply Company redeemed from the foreclosure and thereafter made payments on the contract to Friedel.

The companion suit was filed March 31, 1932, to quiet title of Holly Lumber & Supply Company to the vendee interest in the premises as against claim of priority by the White Star Refining Company under its assignment from the Striggows. The plaintiff thereon had decree in circuit court, which, however, expressly recognized and preserved the vendor interest in Friedel, now owned by plaintiff. Plaintiff did not disclose ownership of the vendor title in that suit.

This suit was commenced April 20, 1934, by plaintiff, as owner of the vendor interest, to foreclose the contract for default in payments in the sum of

$2,250. The court entered decree dismissing plaintiff's bill.

The decree in the companion case is not *res judicata* of the issue here because the former suit dealt only with priority in the vendee interest and plaintiff's interest in the vendor title was not involved. The ownership of the vendor interest by plaintiff and the vendee interest by the supply company (the latter subject to the outcome of the companion suit as to priority) were here undisputed and no issue in the former suit is before us.

Defendants contend plaintiff ought not to have decree because it is not in court with clean hands, in that it perpetrated a fraud upon the court in not disclosing its ownership of the vendor title in the companion suit and because disclosure would have afforded these defendants a defense of estoppel therein. Upon the records before us the charge is not wholly unwarranted; nor were the critical comments of the circuit court thereon without justification. However, aside from such claim of estoppel, no injury has resulted to defendants from the concealment. Nor have its rights or liabilities in the present suit been affected. The apparent fraud was committed in another case and it cannot be translated to this action, in no way affected by it, to deprive plaintiff of relief to which it is entitled. 21 C. J. p. 187; *Rosenthal* v. *Lipsitz*, 251 Mich. 195.

Decree will be reversed, decree of foreclosure will be entered for plaintiff and cause remanded for further proceedings upon the decree. Plaintiff will have costs of both courts.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.