## DUNCAN *v*. COUNTY OF WAYNE.

1. COURT COMMISSIONERS—CLERKS—COUNTY CIVIL SERVICE—EXEMP-
TIONS.

A clerk in the office of a circuit court commissioner, not being
specifically within exemptions of pertinent county civil service
law, would not be exempt therefrom unless such office is a ju-
dicial office (Act No. 370, §§ 10, 12, Pub. Acts 1941).

2. SAME—JUDICIAL POWERS.

The judicial powers of a circuit court commissioner shall not
exceed those of a judge of the circuit court at chambers (Const.
1908, art. 7, § 21).

3. SAME—POWERS.

It is not competent for a circuit court commissioner to try titles
to property, decide upon the right to custody of children or to
exercise the usual powers of courts, the commissioner being a
subordinate and assistant to the circuit court rather than an
independent judicial officer.

4. COURTS—JURISDICTION—JUDICIAL POWER.

Jurisdiction to exercise judicial power cannot be conferred on an
officer elected merely for ministerial and chamber duties.

5. CONSTITUTIONAL LAW—JUDICIAL POWER VESTED IN COURTS.

Constitution expressly vests judicial power in Supreme Court,
circuit courts, probate courts, justices of peace, and such other
courts as legislature may establish by general law (Const. 1908,
art. 7, § 1).

6. COURT COMMISSIONERS—JURISDICTION—STATUTES.

Jurisdiction in circuit court commissioner is limited to that con-
ferred by legislature; being purely statutory (3 Comp. Laws
1929, § 14964 *et seq.*).

7. SAME—QUASI JUDICIAL POWERS.

The circuit court commissioner is not a "court" in the judicially
accepted meaning of that term, the powers usually being de-
nominated quasi judicial.

8. CONSTITUTIONAL LAW—WAYNE COUNTY CIRCUIT COURT COMMIS-
SIONER—NATURE OF DUTIES OF CLERKS—CIVIL SERVICE.

The duties of the clerks for the Wayne county circuit court com-
missioners, as set forth by statute, are ministerial in character
and do not call for the exercise of any judicial powers, hence
interference with such clerks by way of subjecting such posi-
tions to county civil service act, but without changing duties
previously performed, is not an interference with the judiciary
(Act No. 392, § 3, Local Acts 1891; Act No. 370, Pub. Acts
1941).

9. STATUTES—PURPOSE OF CIVIL SERVICE LAW.

The object of the legislature in passing a civil service law is to
procure efficient public service.

10. CONSTITUTIONAL LAW—DIVISION OF POWERS OF GOVERNMENT—
CIVIL SERVICE—CIRCUIT COURT COMMISSIONER—EMPLOYEES.

Where the county civil service act merely changed the manner
of selecting employees for the office of circuit court commis-
sioner without in any way modifying the structure in the of-
fice of the commissioner theretofore existing by virtue of a lo-
cal act, the civil service act did not contravene provision of the
Constitution relating to the division of the powers of govern-
ment and forbidding any person belonging to one department
exercising the powers properly belonging to another (Const.
1908, art. 4, §§ 1 and 2; Act No. 392, § 3, Local Acts 1891;
Act No. 370, Pub. Acts 1941).

11. COURT COMMISSIONERS—CIVIL SERVICE—ABOLITION OF TITLE AND
POSITIONS—CLASSIFICATION OF EMPLOYEES.

Action of county civil service commission in abolishing former
noncivil-service title and position of assistant chief clerk in
office of Wayne county circuit court commissioner and classify-
ing him in the civil service position of clerk 2 *held*, within the
powers of the commission (Act No. 392, § 3, Local Acts 1891;
Act No. 370, Pub. Acts 1941).

12. COSTS—PUBLIC QUESTION—CLERKS IN OFFICE OF CIRCUIT COURT
COMMISSIONER—CIVIL SERVICE.

No costs are allowed in suit to determine whether or not county
civil service act was applicable to clerks in office of circuit
court commissioner for Wayne county whose duties were pre-
scribed by local act, a public question being involved (Act
No 392, § 3, Local Acts 1891; Act No. 370, Pub. Acts 1941).

Appeal from Wayne; Brennan (John V.), J. Submitted October 9, 1946. (Docket No. 33, Calendar No. 43,473.) Decided January 6, 1947.

Bill by James L. Duncan against County of Wayne and others to restrain classifying or reclassifying plaintiff under civil service and for decree that employees of circuit court commissioner are not under civil service. Bill dismissed. Plaintiff appeals. Affirmed.

*Buckingham, Piggins & Rehn,* for plaintiff.

*Gerald K. O'Brien,* Prosecuting Attorney, and *Arthur L. Robbins* and *Philip A. McHugh,* Assistant Prosecuting Attorneys, for defendants.

SHARPE, J. This is a suit to determine whether Act No. 370, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 1464–11 *et seq., Stat.* Ann. 1946 Cum. Supp. § 5.1191 [1] *et seq.*), known as the county civil service act, is applicable to plaintiff as a clerk in the office of the circuit court commissioner for Wayne county.

Plaintiff, James L. Duncan, was employed in the office of the circuit court commissioner on or about February 16, 1937. On December 1, 1942, he carried a budgetary title of "assistant chief clerk." Subsequent to the adoption of the county civil service act, he was classified by the Wayne county civil service commission as "clerk 2." His salary was not changed by the change in classification, nor were his duties affected by such classification.

On November 9, 1944, plaintiff began a suit to enjoin defendants from attempting or continuing to classify or reclassify him as an employee of the

office of the circuit court commissioner and for a declaration that Act No. 370, Pub. Acts 1941, does not apply to the employees in the office of the circuit court commissioner of Wayne county. An order to show cause was issued upon the filing of plaintiff's bill of complaint. On December 11, 1945, the trial court filed a written opinion directing the, entry of a decree dismissing plaintiff's bill of complaint. On January 9, 1946, a decree was entered in conformity with the opinion filed.

Plaintiff appeals and urges that the office of circuit court commissioner is judicial in nature; that the civil service act cannot apply to the judiciary under the separation of governmental powers under the Constitution; that the act does not, under its own terms, apply to the judiciary; and that if the act does apply to the judiciary, clerks in the circuit court commissioner's office would be exempt under section 10, subd. (a) (4).

Following are portions of the act in question which are material to the issues involved:

"Sec. 12.  *  *  *  The powers and duties of the commission shall be as follows:

"(a)   It shall classify all the offices and positions of employment with reference to the examination herein provided for excepting as herein otherwise provided;

"(b)   Shall from time to time make, in accordance with the provisions hereof, rules adapted to carry out the purposes of this act and not inconsistent with its provisions for the examination and selection of persons to fill the offices and positions in the classified service, which are required to be filled by appointment, and for the selection of persons to be employed in the service of the county."

"Sec. 10.  *  *  *  The civil service of the county is hereby divided into the unclassified and classified services.

"(a)   The unclassified service shall include:

"(1)   Officers elected by popular vote and persons appointed to fill vacancies in such elective offices;

"(2)   Officers and employees for whom the constitution specifically directs the manner of appointment;

"(3)   Members of boards and commissions required by law to be appointed;

"(4)   A deputy or assistant in each of the elective offices, who in the case of a vacancy in the elective office or inability of such elective officer to perform his duties, would be entitled to perform the duties of the office until the vacancy is filled or the inability removed;

"(5)   Assistant prosecuting attorneys;

"(6)   Commissions appointed by the board of supervisors, or by the board of county auditors, under the general law of the state.

"(b)   *   *   *   The classified service shall comprise all positions not specifically included by this act in the unclassified service."

Plaintiff's position as a clerk in the circuit court commissioner's office, not being specifically within the six statutory exemptions, may not be exempted unless the office of circuit court commissioner is a judicial office.

The Constitution of Michigan of 1835 makes no mention of the circuit court commissioner. Such appears for the first time in the Constitution of 1850, art. 6, § 16, the language being identical with that of the Constitution of 1908, art. 7, § 21. However, the office of circuit court commissioner was known and existed in Michigan prior to the adoption of the 1850 Constitution. See *McClintock* v. *Laing,* 19 Mich. 300.

The judicial powers of a circuit court commissioner shall not exceed those of a judge of the cir-

cuit court at chambers. See Constitution 1908, art. 7, § 21; *Chandler* v. *Nash,* 5 Mich. 409; *Streeter* v. *Paton,* 7 Mich. 341.

*In 're Burger,* 39 Mich. 203, we said:

"Circuit court commissioners are chosen under the provision of the Constitution empowering the electors of each county to elect officers who may be vested with judicial powers 'not exceeding those of a circuit judge at chambers.' Art. 6, § 16.* But as the Constitution had already conferred the judicial power of the State upon certain courts—Art. 6, § 1*—this section, as we have frequently had occasion to declare, permitted giving to the commissioners judicial powers in a very subordinate sense only; powers of the sort that are usually denominated *quasi* judicial; such as are appropriate for the judge's chambers rather than for the court. It is not competent for the Legislature to empower them to try titles to property; *Waldby* v. *Callendar,* 8 Mich. 430; *Case* v. *Dean,* 16 Mich. 12; or to decide upon the right to the custody of children; *Rowe* v. *Rowe,* 28 Mich. 353; or in short, to exercise the usual powers of courts. * * * In short, the circuit court commissioner is a subordinate and assistant to the circuit court rather than an independent judicial officer. * * *

"In other words, the determination whether the judicial function has or has not been properly and legally exercised in any particular case, is necessarily the exercise of judicial power, and therefore jurisdiction in respect to it cannot be conferred on an officer elected merely for ministerial and chamber duties.

"No doubt the statute, Comp. Laws 1871, chap. 223, empowers circuit court commissioners to issue writs of *habeas corpus;* but this authority is limited and restrained by the Constitution, and cannot extend to any case where a consideration and decision

---

* See Constitution 1850.—REPORTER.

of the question raised would be an exercise of the judicial power. The cases are therefore few in which the commissioner would be empowered to act at all.''

In *Rosenthal* v. *American Construction & Realty Co.*, 262 Mich. 91, we said:

''The Constitution expressly vests the judicial power in the Supreme Court, circuit courts, probate courts, justices of the peace, and such other courts of civil and criminal jurisdiction as the legislature may establish by general law (article 7, § 1). Acting under the above-noted constitutional authority the legislature created the judicial office of circuit court commissioner and vested it with limited judicial powers. The grant of such jurisdictional powers is covered in part by 3 Comp. Laws 1929, § 14964 *et seq.** The jurisdiction in a circuit court commissioner is limited to that conferred by the legislature. In summary proceedings, as in other proceedings before him, the commissioner's jurisdiction is purely statutory. Davis' Michigan Practice before Circuit Court Commissioners, § 22.''

We are in accord with the following from the opinion of the trial court:

''It follows from these authorities that the office of circuit court commissioner is dual in nature—part judicial, part ministerial or administrative. The very term used in designating such court indicates its dual nature. The Constitution, in designating other courts, uses the terms 'Supreme Court', 'circuit courts', et cetera. Were it the intention of the framers of the Constitution to create circuit court commissioners a court in the judicial sense of that term, it is reasonable to conclude that they would have designated such by appropriate language.

''Viewing the office of circuit court commissioner from the point of its creation, its functions, and its

---

* See Stat. Ann. § 27.1975 *et seq.*—REPORTER.

purposes, as these are set forth in the Constitution, the statutes and judicial pronouncements, this Court is of the opinion, and finds the fact to be, that the circuit court commissioner is not a 'court' in the judicially accepted meaning of that term. As stated by Mr. Justice Cooley, *In re Burger,* 39 Mich. 203: 'Its powers are of the sort that are usually denominated quasi judicial.' "

The duties of the clerks for the Wayne county circuit court commissioners are set forth in Act No. 392, § 3, Local Acts 1891. A reading of this section brings one to the conclusion that such duties are obviously ministerial in character and do not call for the exercise of any judicial powers.

In *People, ex rel. Vanderburg,* v. *Brady,* 275 Ill. 261 (114 N. E. 25), it was held that the position of deputy clerk of the supreme court was within the intendment of the State civil service law. The court said:

"The duties of the clerk may be performed by a deputy, and it is not an unreasonable regulation to prescribe reasonable qualifications for persons who may be employed as deputies and removal from office for a lack of efficiency in the performance of its duties. The purpose of a competitive examination is a legitimate one to secure competent service."

We are not in accord with the claim of appellant that interference with clerks in the circuit court commissioner's office is interference with the judiciary. Plaintiff urges that the provisions of Act No. 31, Pub. Acts 1923, adding section 119a to chapter 2 of Act No. 314, Pub. Acts 1915 (3 Comp. Laws 1929, § 13721 [Stat. Ann. § 27.244]), authorizing clerks of the circuit court commissioner "to sign the name of the circuit court commissioner upon all such summonses, subpoenas, citations,

dockets, and process for the collection of costs" and the provisions of Act No. 147, Pub. Acts 1933, amending Act No. 314, chap. 2, § 114, Pub. Acts 1915 (Comp. Laws Supp. 1940, § 13715, Stat. Ann. § 27.238), authorizing and deputizing a clerk of the circuit court commissioner to perform certain acts in the absence of the commissioner from his office makes such clerks a part of the circuit court commissioner's office.

We approve of the principle and reasoning used in *Attorney General, ex rel. Sullivan,* v. *McOsker,* 84 N. J. Law, 380 (86 Atl. 497), where that court said:

"It must be borne in mind that the object of the legislature was to secure by means of the civil service law efficient public service in the State institutions and in the governmental departments of the State. Therefore, in applying this statute to any particular given case the court must above all recognize and enforce the broad public policy which underlies it. In order to carry out the legislative policy which had in view the welfare of the people, in that, it may receive good and efficient service from its public servants the widest range should be given to the applicability of the law."

In our opinion, the duties performed by plaintiff as a clerk in the office of a circuit court commissioner are ministerial. His duties have not been changed by the adoption of the act in question. We find nothing arbitrary or unreasonable or any encroachment on any power properly belonging to the judicial branch of our government by the placing of clerks in the offices of the circuit court commissioners under the county civil service act.

Prior to the adoption of the county civil service act, plaintiff was an assistant chief clerk in the office of the Wayne county circuit court commissioner.

He was appointed by the board of auditors upon the recommendation of the circuit court commissioner. Under the county civil service act the recommending power is in the civil service commission with the appointing power in the circuit court commissioner. The act in question does not in any way modify the structure of the office of the circuit court commissioner. The change relates to the method of selection of employees only. In our opinion the civil service act does not contravene article 4, §§ 1 and 2, of the Michigan Constitution providing for the division of the powers of government into three departments and forbidding any person belonging to one department exercising the powers properly belonging to another. We are also of the opinion that the civil service commission acted within the scope of its powers in abolishing plaintiff's former noncivil service title and position of assistant chief clerk and classifying him in the civil service position of clerk 2.

The decree of the trial court is affirmed, but without costs as a public question is involved.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.