SABBE v. COUNTY OF WAYNE.

1. COUNTIES—DEPUTY CIRCUIT COURT CLERK—APPOINTMENT—CIVIL
SERVICE—STATUTES.
    Provision of statute relating to the appointment of deputy cir-
    cuit court clerk by the county clerk was superseded by the
    county civil service act when adopted by the county insofar as
    appointment is concerned where the position was not listed in
    the unclassified service and latter statute placed all positions
    not so listed in the classified service (1 Comp. Laws 1929,
    § 1322; Act No. 370, Pub. Acts 1941).

2. SAME—COUNTY CLERK A MINISTERIAL OFFICER.
    The duties and functions of county clerks are purely ministerial.

3. CONSTITUTIONAL LAW—COURT CLERKS—JUDICIAL DUTIES.
    Judicial duties cannot be performed by court clerks nor may the
    power to do so be conferred upon them.

4. SAME—SEPARATION OF POWERS—DEPUTY CIRCUIT COURT CLERKS—
CIVIL SERVICE.
    Statutory placement of position of deputy circuit court clerk un-
    der county civil service act does not constitute an encroachment
    upon or interference with the judicial branch of government by
    either of the other two branches (Act No. 370, Pub. Acts 1941).

5. COUNTIES—CIRCUIT COURT CLERK—ORDERS OF THE COURT.
    The fact that a circuit court clerk is subject to the legitimate or-
    ders of the court does not make his functions judicial, nor may
    the court lawfully order him to perform judicial duties.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] Application of civil service laws and regulations to court
    officers, attaches, or attendants. 14 A.L.R. 636.
[2–5] 10 Am. Jur., Clerks of Court, § 16.
[4] 10 Am. Jur., Civil Service, § 13.
[6] 2 Am. Jur., Appeal and Error, § 153; 3 Am. Jur., Appeal and
    Error, § 866.
[7] 14 Am. Jur., Costs, § 35.

6. APPEAL AND ERROR—CROSS APPEAL—QUESTIONS REVIEWABLE.
Where there was decree for defendants after hearing on the merits
of bill for declaratory decree and injunction against county
civil service commission, defendants' question as to propriety
of such proceedings and propriety of the denial of their mo-
tion to dismiss are not considered in the absence of a cross
appeal.

7. COSTS—PUBLIC QUESTION—COUNTY CIVIL SERVICE.
No costs are allowed in suit to determine whether or not office
of deputy circuit court clerk was properly included within the
classified county civil service, a public question being involved
(1 Comp. Laws 1929, § 1322; Act No. 370, Pub. Acts 1941). .

Appeal from Wayne; O'Hara (Chester P.), J.
Submitted June 19, 1948. (Docket No. 85, Calendar
No. 44,055.) Decided October 4, 1948.

Bill by Philemon Donald Sabbe against County of
Wayne for decree declaring that civil service law
does not apply to his position as deputy circuit court
clerk. The Civil Service Commission and its mem-
bers intervened as parties defendant. Decree for
defendants. Plaintiff appeals. Affirmed.

*Douglas Leo Paterson*, for plaintiff.

*James N. McNally*, Prosecuting Attorney, *J. Lynn
Fewlass* and *Julius C. Pliskow*, Assistants Prose-
cuting Attorney, for defendant.

*Schmalzriedt, Frye, Granse & Frye*, for inter-
venors.

DETHMERS, J. Plaintiff is a deputy circuit court
clerk, assigned by the county clerk to the court of
one of the Wayne county circuit judges, and per-
forms the usual functions and duties required of a
county clerk in relation to the circuit court. Act No.
18, Pub. Acts 1921 (1 Comp. Laws 1929, § 1322 [Stat.

Ann. § 5.851]) provides for the appointment of
such deputies by the county clerk. Civil service for
county employees under the provisions of Act No.
370, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 1464-
11 *et seq.,* Stat. Ann. 1947 Cum. Supp. § 5.1191[1]
*et seq.*) became effective in Wayne county, upon ref-
erendum, in 1942, thus superseding the provisions of.
said Act No. 18, Pub. Acts 1921, as relates to the
appointment of such deputies. See *Attorney Gen-
eral, ex rel. Whitcomb,* v. *Lau,* 256 Mich. 13. The
civil service act does not include the position in
question in the unclassified service and provides
that all positions not so included are included in
the classified service. The rules of the Wayne coun-
ty civil service commission are to the same effect.

Plaintiff sought a declaratory decree that the
county civil service law does not apply to his posi-
tion and an injunction restraining the county civil
service commission from classifying his position or
enforcing its rules against him as a deputy circuit
court clerk. From decree for defendants, plaintiff
appeals.

It is plaintiff's contention that his position is ju-
dicial in nature, that the civil service act cannot ap-
ply to the judiciary because of the constitutional
separation of powers of the government, and that
the act, if by its terms applicable to his position,
constitutes an unconstitutional interference with
judicial powers.

Plaintiff's position is included within the classi-
fied positions under the provisions of the statute
and the rules of the commission and is made subject
thereto. May the statute and rules so provide?

We have held that the duties and functions of
county clerks are purely ministerial and that ju-
dicial functions cannot be performed by court clerks,
nor may the power to do so be conferred upon them.
*People* v. *Colleton,* 59 Mich. 573; *Wilson* v. *Genesee*

*Circuit Judge,* 87 Mich. 493; *Toms* v. *Recorder's Court Judge,* 237 Mich. 413.

In *Duncan* v. *County of Wayne,* 316 Mich. 513, we held that the duties of a clerk in the office of a circuit court commissioner are ministerial, not judicial, and that the placing of the position of such clerk under the county civil service act did not constitute an encroachment upon or interference with the judicial branch of government by either of the other two branches. The reasoning and decision in that case are controlling here.

Plaintiff relies upon the following statement concerning a county clerk appearing in this Court's opinion in *Smith* v. *Kent Circuit Judge,* 139 Mich. 463:

"He is therefore subject to all the legitimate orders of the court of which he is clerk."

The fact that the clerk is subject to the legitimate orders of the court does not make his functions judicial, nor may the court lawfully order him to perform judicial duties.

Plaintiff also relies on *Civil Service Commission of the City of Detroit* v. *Engel,* 187 Mich. 83. As the learned trial judge pointed out in his opinion, the case is clearly distinguishable. Decision did not turn, in the *Engel Case,* on whether the clerk performed judicial functions or whether placing him under civil service would constitute interference with judicial powers, but solely on the ground that the legislature had established the recorder's court by a local act which provided for appointment of its clerks by that court and that the court possessed jurisdiction over matters of State concern and, therefore, its powers of appointment, given by the legislature, could not be abridged by the city's electors through their amendment of the city charter to provide for civil service, even though they have

the power to amend their charter as relates to matters of purely local concern.

Defendants question the propriety of these proceedings and the trial court's denial of their motion to dismiss. Having taken no cross appeal, their contentions in these respects will not be considered here. See *Melvindale State Bank* v. *Eckfeld,* 283 Mich. 179; *Township of Pontiac* v. *Featherstone,* 319 Mich. 382, and cases therein cited.

Decree affirmed, without costs, a public question being involved.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.