## WELLER v. WELLER.

1. APPEAL AND ERROR—QUIETING TITLE—FINDINGS OF TRIAL COURT—EVIDENCE.

Finding of trial court in suit to quiet title that defendant had expended $1,699.27 on premises involved and that plaintiff owed her $492.62 for unpaid alimony *held*, supported by evidence.

2. EQUITY—WRONGDOERS.

Courts cannot occupy themselves with adjusting equities between wrongdoers.

3. SAME—PARTICIPATION IN FRAUD.

Equity will not lend its assistance to one who participates in a supposed fraud upon another for his own gain when it afterwards appears that he himself was the defrauded party.

4. SAME—RECONVEYANCE—CLEAN HANDS.

One who conveys his property to another for the purpose of avoiding anticipated claims against him is not in position to invoke the aid of a court of equity to obtain a reconveyance, as he does not come into court with clean hands.

5. SAME—RECONVEYANCE—FRAUD UPON COURT.

Plaintiff was not entitled to relief in suit against his first wife to obtain conveyance from her of property he had had transferred to her in the perpetration of a fraud upon the court in divorce proceedings instituted by his second wife, as the court of equity will not lend its aid to parties to such a fraud.

REFERENCES FOR POINTS IN HEADNOTES

[2] 19 Am Jur, Equity § 478.
[2, 3] 19 Am Jur, Equity § 471.
[4] 19 Am Jur, Equity § 469 *et seq.*
[5] 19 Am Jur, Equity § 472.
[6] 3 Am Jur, Appeal and Error § 866; 41 Am Jur, Pleading § 256 *et seq.*
[7] 14 Am Jur, Costs § 96.

6. SAME—AFFIRMATIVE RELIEF—CROSS BILL.

   Defendant's claim for affirmative relief will not be considered
   where she did not file a cross bill (Court Rule No 61 [1945]).

7. COSTS—FRAUD UPON COURT.

   No costs are allowed in suit to obtain a conveyance of property
   from plaintiff's first wife, where the property had been placed
   in her name pursuant to a fraud upon the court in divorce
   proceedings instituted by plaintiff's second wife, where bill
   is dismissed.

Appeal from Presque Isle; Glennie (Philip J.), J.
Submitted January 4, 1956. (Docket No. 23, Cal-
endar No. 46,637.) Decided March 1, 1956.

Bill by Kenneth A. Weller against Irene Weller to
quiet title and obtain conveyance of real estate placed
in her name to avoid process of court. Decree for
plaintiff conditioned upon payment of certain
moneys. Defendant appeals. Plaintiff cross-ap-
peals. Reversed and bill dismissed.

*Hindes, Matheny & Schureman (Carl C. Matheny,*
of counsel), for plaintiff.

*Frederick P. Hempel,* for defendant.

BOYLES, J. The bill of complaint in this case was
filed by Kenneth A. Weller against Irene Weller, his
divorced wife, to quiet title in certain real estate in
Presque Isle county and for a decree declaring plain-
tiff to be the owner of said lands. From a decree
granting plaintiff the relief prayed for upon condi-
tion that he pay defendant a certain sum of money,
the defendant appeals and plaintiff cross-appeals.

Plaintiff and defendant were husband and wife
and had been married about 15 years when plaintiff,
in June, 1943, entered into a contract in his own
name for the purchase of certain real estate in Black
Lake Bluffs subdivision, Presque Isle county, which

is the subject matter of this suit. Soon thereafter Irene filed a bill of complaint against Kenneth A. Weller for divorce. In November, 1943, the parties entered into a property settlement, reciting that a divorce proceeding was pending, and that Kenneth was to retain, as his separate property, his vendee's interest in the aforesaid land contract. In said suit a decree of divorce was granted to Irene Weller by a decree entered in the Wayne circuit court March 29, 1944, which affirmed and approved said property settlement. In February, 1945, approximately 1 year after the divorce decree became final, plaintiff married a second wife, Adeline. He testified that he lived with her but 9 days. Soon after the separation said second wife filed a bill for divorce and a decree was entered in that suit granting her divorce as prayed for, which apparently became final in 1949. Plaintiff herein testified in the instant case that he had been afraid that the court in that divorce case would award to his second wife a larger share of his property than he thought proper; that in order to avoid this, and to conceal a part of his property from the court in which the second divorce case was pending, he had planned and executed the following scheme and that in March or June, 1946, the exact date being in dispute, the land contract vendors deeded, at plaintiff's request, said real estate in Presque Isle county to his former wife, Irene, the defendant herein, and that either he or Irene gave them back a mortgage for the balance that remained due on the contract. Both instruments were antedated to January 2, 1945, which date was shortly prior to plaintiff's marriage to his second wife. The deed was put on record. Plaintiff claims that the defendant Irene also executed a warranty deed of the property back to him at about the same time, which was dated January 3, 1946, but whether or not it was ever delivered is one of the facts in dispute in the case. It

was handed to Irene and she put it in a box where she took care of plaintiff's papers. Defendant herein was fully aware of plaintiff's scheme and his reason for deeding said real estate to her. Plaintiff had lived with her from time to time after they were divorced and she testified that she desired to assist him in his efforts to conceal his property from the Wayne county court in which his divorce case with Adeline was then pending; that she had an understanding with plaintiff at the time that they would be remarried after the second marriage was dissolved. Plaintiff changed his employment frequently and apparently on numerous occasions when things were not going well for him he came to defendant's home, because she was steadily employed and would provide him with board and shelter. This occurred both before and after plaintiff's second marriage and until 1949.

Plaintiff and defendant Irene had 1 living child born of their marriage who lived with defendant Irene. Plaintiff had been ordered to pay the friend of the court $10 per week for the support and maintenance of this child. Defendant testified that she received only $550 from plaintiff for the child's support and that he was in arrears $2,132.62. Defendant had, however, signed a receipt, which was filed in the office of the friend of the court, dated June 13, 1947, wherein she acknowledged receipt of all support money due for the period March 29, 1944, to May 26, 1947. Defendant now contends, in the instant case, that she received only the $550 but that she signed the receipt because plaintiff had deeded her the property and because she was at the time still in love with him and understood they were to be remarried. Defendant further testified that later certain events transpired which made her doubtful of plaintiff's intention to remarry her; that in the fall of 1949 she asked him when the marriage would take

place, to which he replied that there would be none. Defendant Irene thereupon ordered him to leave her home and he has not lived there since.

The bill of complaint by which this suit was commenced was filed by him on July 26, 1950, alleging that the defendant had removed her aforesaid deed (to him) from his safety box in his cabin on said property, refused to let him have it, and asked that the defendant be compelled to deliver up to him said deed to the Presque Isle county property or to execute a conveyance of the same to him. Issue was joined and the case was tried November 30, 1950, but an opinion was not filed until January 31, 1953. The trial judge who heard the case died before the entry of a decree and the decree from which these appeals are taken was entered by his successor.

A reading of the record discloses that the opinion of the trial judge was well supported by the evidence and there would seem to be no reason to disturb his conclusions from the facts. He said:

"Admittedly, it was to place the property involved in this suit beyond the reach of plaintiff's second wife and the Wayne county court, that the title was placed in the name of the defendant.

"Now the defendant objects to reconveying the property to the plaintiff until he performs some of his obligations toward her. She claims that she expended upon the property itself in the way of payments, taxes and in one way or another, the sum of $1,699.27. The plaintiff admits that she so expended the sum of $505.05 in that way, but denies that she expended any more. The court is convinced that the defendant's figures in this respect are correct, and that she has coming from the plaintiff for money which she expended upon the property the sum of $1,699.27.

"There is also the matter of alimony which the plaintiff has failed to pay, the defendant claiming that the total amount of alimony which the plaintiff

should have paid her and did not pay, amounts to
$2,132.62. Of this amount, however, she acknowl-
edged payments to the friend of the court in Detroit
of the sum of $1,640, and while the court does not
believe it was ever really paid, it is not thought that
she should recover that amount, but it is the opinion
of the court that she should recover the balance of
$492.62 on that account.

"Thus it appears to the court that plaintiff is en-
titled to a reconveyance of his property upon pay-
ment by him to the defendant of the sum of $2,191.89
in all.

"A decree carrying out the terms outlined in this
opinion may be prepared and presented."

The decree which was entered provides that the
plaintiff shall have a reconveyance from the defend-
ant of the title to the real estate in Presque Isle
county upon payment by the plaintiff to her of the
sum of $2,761.96;* and that upon payment thereof
the defendant execute a proper deed of conveyance
of said real estate to the plaintiff. The decree, filed
December 10, 1954, provides that the plaintiff shall
have 6 months from the date of the decree in which
to pay, and in default of such payment that the plain-
tiff be forever barred from making any claim as
against the defendant as to said premises. Other
provisions of said decree not material to the ques-
tion here involved need not be referred to.

The defendant-appellant's first claim for reversal
is that the plaintiff is not entitled to any relief in a
court of equity. With that claim we are in full ac-
cord.

The record here shows quite plainly that these
parties planned to conceal from plaintiff's second

---

* This amount does not conform to the opinion of the trial court
which states that the plaintiff is entitled to reconveyance upon pay-
ment by him to the defendant of $2,191.89 in all. The difference
represents some expenses incurred by the defendant after the opinion
was filed, which were added by the court.

wife and from the court in her divorce case the fact that he had an interest in the subdivision property in Presque Isle county. In order to effectuate this fraud on the court in the divorce case, the plaintiff and defendant antedated the deed from the vendors to her, and also the mortgage to them for the balance of the purchase price, for the purpose of indicating that this transaction took place before the plaintiff's second marriage. For an indication of the fraud we might need go no further than the pleadings filed in the instant case. Plaintiff avers, in his bill of complaint:

"That plaintiff was harassed by the second divorce proceedings and was fearful that he would be stripped of all his property, and feeling that he would protect himself, by agreement with defendant herein, plaintiff and defendant arranged with the vendors in aforesaid contract, wherein vendors deeded the aforedescribed lands to defendant herein, and defendant executed a deed thereto to plaintiff."

The defendant's answer admits:

"In answer to paragraph 5, this defendant, not having specific information as to the extent of how plaintiff was harassed by the second divorce proceedings, neither admits nor denies the allegations therein contained, but does admit that by agreement with the plaintiff and the vendors your defendant would assume a mortgage for the unpaid balance due on said above-described lands and that the vendors would deed said property to your defendant and that said agreement was carried into effect."

Furthermore, plaintiff-appellee's brief filed here states:

"Panicked by the prospect of losing all of his property to the second wife, and after consultation with legal counsel, plaintiff herein arranged for the conveyance of the property involved herein directly

from the land contract vendors to the defendant, Irene Weller, with her full knowledge and participation."

The fundamental law controlling decision in the instant case was laid down by Chief Justice COOLEY in 1877, as follows:

"Courts cannot occupy themselves with adjusting equities between wrongdoers. When parties associate for an unlawful purpose they must calculate in advance the probabilities of bad faith towards each other, and must expect no assistance of the law against each other's frauds." *Gage* v. *Gage,* 36 Mich 229, 231.

"Equity will not lend its assistance to one who participates in a supposed fraud upon another for his own gain when it afterwards appears that he himself was the defrauded party." *Dakin* v. *Rumsey* (syllabus), 104 Mich.636.

"When one conveys his property to another for the purpose of avoiding anticipated claims against him, he is not in position to invoke the aid of a court of equity to obtain a reconveyance. He does not come into court with clean hands, and equity leaves him to lie in the bed of his own making." *Poppe* v. *Poppe,* 114 Mich 649, 651 (68 Am St Rep 503).

"The proposition is universal that no action arises, in equity or at law, from an illegal contract; no suit may be maintained for its specific performance, or to recover the property agreed to be sold or delivered, or the money agreed to be paid, or damages for its violation." *Leland* v. *Ford* (syllabus), 245 Mich 599.

In *Van Allsburg* v. *Kooyers,* 250 Mich 518, 521, the Court said:

"The defendant voluntarily conveyed this land to his brother in 1898. His purpose in doing so (to avoid the claims of his creditors) would prevent

him from compelling a reconveyance to himself after his then creditors had been satisfied.".

There may be different circumstances as a result of which some cases must be decided by the facts. In *White Star Refining Co.* v. *Holly Lumber & Supply Co.*, 271 Mich 662; and *Price* v. *Nellist*, 316 Mich 418, relied on by appellee, decisions were controlled by circumstances which distinguish those cases from the case at bar. They do not control decision in the instant case.

Plaintiff now tries to justify his actions by claiming that it was merely a fraud perpetrated on a third party (his second wife), wherefore he cannot be precluded from recovering as against the defendant, who was the other party directly participating in the perpetration of the fraud. We have recently held to the contrary. In *Cook* v. *Wolverine Stockyards Co.*, 344 Mich 207 (decided December 28, 1955), the plaintiffs sued the defendant to recover on a contract entered into by them for the purpose of evading a statute which would require the defendant to obtain a certificate from the public service commission to transport the livestock of another for hire, and to pay the State certain fees and mileage for use of the highways for that purpose. They entered into such a contract, against public policy, whereby the defendant could claim, fraudulently, to be the owner of plaintiffs' livestock, and whereby the defendant would be transporting its own cattle, but not for hire (the State being the "third party" defrauded, in that case). We held that the Court would leave the parties where they had placed themselves.

There can be no question but that the sole purpose of the plaintiff in having the vendors deed to the defendant the Presque Isle county real estate which he held as vendee, was to conceal from the court, in the divorce case involving his second wife, the fact

that he had an interest in this real estate. This is made plainly evident by the fact that both the deed and the mortgage back to the vendors for the balance of the purchase price were antedated to show that these instruments were executed shortly prior to his second marriage, thereby seeking to show, falsely, that he had no interest in this real estate during coverture. This was a fraud on the court which heard his second divorce case. *Lantinga* v. *Lantinga,* 318 Mich 78; *Berg* v. *Berg,* 336 Mich 284; *Allen* v. *Allen,* 341 Mich 543. Under such circumstances, a court of equity will not lend its aid to the parties to the fraud. They will be left by the Court in the situation in which they have placed themselves.

The defendant, not having filed a cross bill in the case, her claim for affirmative relief will not be considered here. Court Rule No 61 (1945); *Sabbe* v. *County of Wayne,* 322 Mich 501, 505.

A decree will be entered in this Court setting aside the decree entered in the trial court and dismissing the bill of complaint, without costs.

DETHMERS, C. J., and SHARPE, SMITH, REID, KELLY, CARR, and BLACK, JJ., concurred.